324 So.2d 690 (1976)
Raymond MOORE and Larry Moore, Appellants,
v.
STATE of Florida, Appellee.
No. Y-107.
District Court of Appeal of Florida, First District.
January 14, 1976.
Richard W. Ervin, III, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen. for appellee.
SMITH, Judge.
Raymond and Larry Moore appeal from judgments convicting them in the Circuit Court of Santa Rosa County of possession of burglarious tools on September 16 and 17, 1974, and breaking and entering a coin operated vending machine at the Exxon station at Navarre on September 17.
Appellants assert that the evidence of other similar crimes committed by them *691 and by the chief prosecution witness tended only to show bad character or propensity to commit crime and was therefore inadmissible. The evidence in question, admitted with appropriate instructions to the jury concerning its purpose, was that the three men, on the night before they pried open the vending machine at Navarre Exxon, did the same thing at a Pensacola Gulf station and were later seen, siphoning gas from a parked vehicle, with the former contents of the vending machine visible in the backseat of their car. Complaint is made also of evidence admitted to show that on the night they broke the vending machine at Navarre Exxon, they had attempted to siphon gasoline and were about to break another vending machine at yet another filling station in Santa Rosa County when they were arrested.
The evidence in question was properly admitted. It tended to show a common scheme or design whereby appellants and an accomplice acted together in a similar way to commit offenses similar to those for which appellants now are convicted. Evidence of appellants' use of a tire tool and crowbar to break into a vending machine and to open a gas tank cap was relevant, too, to the charge that appellants possessed burglarious tools in violation of § 810.06, F.S. 1973. Furthermore, since appellants and their accomplice were seen together and in possession of stolen merchandise on the night of September 16, the witness who saw them corroborated the accomplice's testimony concerning the criminal activities of both nights and so tended to meet the alibi defense offered by appellants. See Williams v. State, 110 So.2d 654 (Fla. 1959), cert. den. 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); Griffin v. State, 124 So.2d 38 (Fla.App. 1st, 1960), explained in Franklin v. State, 229 So.2d 892, 894-95 (Fla.App. 3rd, 1970). Contrast Dinkens v. State, 291 So.2d 122, 125 (Fla.App. 2nd, 1974).
Appellant Larry Moore asserts that the trial court erred in sentencing him for possession of burglarious tools to a term of imprisonment for five years, of which the final three years were suspended, and a term of probation for five years thereafter. The State agrees that the sentence is excessive to the extent of the final two years of probation. Secs. 810.06, 775.082, F.S. 1973, 948.04, F.S. 1973 (1974 Supp.), as amended by § 10, ch. 74-112, Fla.Laws. In order to conform it to the requirements of law, the sentence of Larry Moore will be vacated to the extent of the final two years of the five-year probationary term.
Appellant Raymond Moore asserts that the trial court erroneously sentenced him as a recidivist pursuant to § 775.084, F.S. 1973, without complying with the procedures specified in § 775.11, which was in effect at the time of these sentences. See the repealing ch. 74-383, as amended by ch. 75-24, Fla.Laws, effective October 1, 1975. With deference to the contrary decision of the District Court of Appeal, Second District, in Wright v. State, 291 So.2d 118 (Fla.App. 2nd, 1974), we conceive that the former strictures of § 775.11, requiring the full panoply of information, arraignment and trial on the issue of identity, do not apply when the fact of the recidivist's prior conviction of a felony appears to the sentencing judge before or at the time of the adjudication and sentence for the subsequent offense. Sec. 775.11(1) was designed to afford an opportunity for the State to seek the extended term of commitment provided for by § 775.084 when, through oversight, the fact of a previous conviction did not appear or become known to the court or prosecutor until "after sentence or conviction" for the subsequent offense. The repeal of § 775.11, F.S. 1973, effective October 1, 1975, evidences legislative intent that the provisions of § 775.084, which continues in effect, be utilized in accordance with due process of law independent of former § 775.11. In our recent decision in Andrews v. State, 316 So.2d 296 (Fla.App. 1st, 1975), we remanded a case for resentencing in somewhat similar circumstances. There, however, *692 the State confessed error in the sentence under review, and so we did not have the opportunity to consider the question here decided.
The judgment and sentence of Raymond Moore is affirmed. The judgment and sentence of Larry Moore is affirmed as modified.
BOYER, C.J., and MILLS, J., concur.