328 So.2d 223 (1976)
Henry F. WATTS, Appellant,
v.
STATE of Florida, Appellee.
No. 75-958.
District Court of Appeal of Florida, Second District.
March 10, 1976.
Ben Kay, New Port Richey, of Allweiss & Anderson, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant was convicted of aggravated assault resulting from an occurrence on September 29, 1974. Although the maximum permissible sentence for the crime is five years[1] appellant was placed on probation for six years.
Until 1974, Fla. Stat. § 948.04 specified that a term of probation could not extend more than two years beyond the maximum permissible sentence. But, Ch. 74-112, effective July 1, 1974, eliminated this proviso. We think, therefore, a court is now powerless to extend a period of probation beyond the maximum permissible sentence except as expressly provided in that statute.[2]
The power to place a defendant on probation for a period of time not to exceed the maximum sentence which may be imposed can be inferred, but since July 1, 1974, there no longer exists any express statutory basis for allowing a longer period of probation.[3] There is validity to not allowing probation to extend beyond the period of maximum sentences. First, a penal statute must be strictly construed in favor of those against whom it would operate; and second, to infer that a court could extend probation beyond such a maximum permitted punishment would lead to unacceptable results. For although the period of probation imposed here was only one year beyond the maximum sentence, the absence of any limit raises the possibility that a judge could direct many years of probation even for a misdemeanor, a concept which has the potential to inject further disparities into the corrective process.
*224 We have examined appellant's arguments relating to ineffective assistance of counsel, and admission into evidence of the weapon used in the assault, and find them to be without merit.
Accordingly, the judgment is affirmed, but we remand for the trial court to impose a new term of probation consistent with this opinion.
McNULTY, C.J., and HOBSON, J., concur.
NOTES
[1] See Fla. Stat. §§ 784.04 and 775.082(4)(d) (1973).
[2] Fla. Stat. § 948.04, as amended, provides that a defendant found guilty of a misdemeanor may be placed on probation for six months. This is in excess of the sixty-day maximum sentence for a misdemeanor of the second degree.
[3] Cf., Rice, Probation  When and How Long?, 49 Fla.Bar J. 324, 326 (June 1975).