334 So.2d 638 (1976)
Dennis MAGNIN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 75-1201 and 75-1202.
District Court of Appeal of Florida, Second District.
July 9, 1976.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
In Case No. 75-1201 appellant pled guilty to breaking and entering with intent to commit a felony and in Case No. 75-1202 he pled guilty to grand larceny. The crimes were both committed in February 1975. He was sentenced to two years imprisonment for the grand larceny charge. The maximum sentence for breaking and entering with intent to commit a felony is 15 years; notwithstanding, the trial court placed appellant on probation for a period of 17 years.
Appellant contends that the term of probation was improper. We agree. In Watts v. State, Fla.App.2nd, 1976, 328 So.2d 223, in an opinion authored by Judge Scheb, this court held that the elimination of the provision in Fla. Stat. § 948.04[1], that probation could not extend more than two years beyond the maximum possible sentence, limited the power of the courts to impose a period of probation beyond the maximum permissible sentence except where expressly provided by law.
Accordingly, the judgment and sentence in Case No. 75-1202 are affirmed; the judgment in Case No. 75-1201 is likewise affirmed, but we remand for the trial court to impose a term of probation in Case No. 75-1201 consistent with this opinion.
BOARDMAN, Acting C.J., and GRIMES and SCHEB, JJ., concur.
NOTES
[1] See Ch. 74-112, effective July 1, 1974.