RAWLS, Acting Chief Judge.
Pursuant to a negotiated plea, McNulty was adjudicated guilty of possession of less than five grams of cannabis. The following sentence was imposed by the trial court:
“ . . that you be imprisoned by confinement in the Leon County Jail for a term of One (1) year. But at end of 6 months, sentence stayed & Probation 2 years.”
The máximum permissible sentence for the above offense is one year. The question then arises: What is the time limit on a probationary period? McNulty argues that the probationary time may not exceed the maximum permissible time that may be imposed for sentence. The state contends that because the instant sentence falls within the terminology of a “split” sentence, that the court has unlimited discretion as to the duration of probation.
After this appeal was filed, jurisdiction was temporarily relinquished to the trial court for its consideration of appellant’s motion to correct sentence, which alleged that the probationary period could not exceed the maximum one year time for jail sentence. In denying appellant’s motion, the trial court found that a defendant placed on probation pursuant to Florida Statute 948.01(1) is not subject to the pro *1156 bation limitations of Florida Statute 948.-04(1).
Prior to July 1, 1974, Florida Statute 948.04 specified that a term of probation could not extend more than two years beyond the maximum permissible sentence. However, this provision was eliminated by the Legislature. In Watts v. State, 328 So.2d 223, the Second District Court of Appeal, after observing that penal statutes must be strictly construed, held that absent specific legislative grant, a trial court could not impose probation beyond the maximum permissible sentence. This view reaffirmed in Magnin v. State, 334 So.2d 638 (2 Fla. App.1976). The state, in urging this court to reject the rationale of Watts, supra, argues that Sec. 948.04(1) removes the maximum limitation of probation by providing that: “Defendants found guilty of misdemeanors who are placed on probation shall be under supervision not to exceed six months unless otherwise specified by the court. . . . ”
We do not construe the foregoing provision to authorize a trial court to place a defendant who has been adjudicated guilty of a misdemeanor upon probation for an unlimited period of time. As stated in Watts, supra:
“ . . . [T]he absence of any limit raises the possibility that a judge could direct many years of probation even for a misdemeanor, a concept which has the potential to inject further disparities into the corrective process.”
This cause is remanded to the trial court with directions that it impose a new term of probation consistent with this opinion.
MILLS and SMITH, JJ., concur.