343 So.2d 54 (1977)
Phillip D. HEATHERLY, Appellant,
v.
STATE of Florida, Appellee.
No. 76-304.
District Court of Appeal of Florida, Fourth District.
February 25, 1977.
*55 James K. Freeland, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Judge.
This is an appeal of a sentence of probation which the Appellant urges is excessive and unlawful. We agree and reverse. There is also an appeal concerning some of the terms of the probation imposed by the trial court which terms we affirm as being within the discretion of the trial court and proper under the circumstances.
The Appellant was placed on probation for a period of seven years after pleading guilty to the crime of obtaining property by worthless check. The amount of time which the court could have imprisoned Appellant under the law is five years. Our recent opinion of Holmes et al. v. State, Fla.App., 343 So.2d 632, opinion issued February 11, 1977, which cites Moore v. State, 324 So.2d 690 (Fla.1st DCA 1976); Watts v. State, 328 So.2d 223 (Fla.2d DCA 1976); Magnin v. State, 334 So.2d 638 (Fla.2d DCA 1976); State v. Jones, 327 So.2d 18 (Fla. 1976) indicates this is clearly an excessive sentence.
The trial court made as a condition of the probation of the Appellant that he serve one year in the county jail. This is included within the terms of his probation both as to time and conditions.
Another condition of his probation was that he not associate with a particular individual. The record is silent as to the court's reason for this condition and we cannot therefore find that the court abused its discretion in that regard. We affirm as to that assignment of error.
Another condition of probation was that the Appellant "promptly and truthfully answer all inquiries ... by the court or the Probation Supervisors ..." This is a reasonable and lawful condition of his probation and not a violation of his right to remain silent under the Constitution of the United States or the State of Florida and would not be one until such time as would require him to testify against himself if that ever occurs.
There are two remaining terms of his probation which are in the printed portion of this Final Order,
"(5) You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used unlawfully."
and
"(13) You will not use intoxicants, nor possess any unlawful drugs; nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used unlawfully."
These terms are not inconsistent with each other nor are they unreasonable or unlawful.
We affirm all of the conditions of the probation and modify the sentence by reducing the term of probation from seven years to five years.
AFFIRMED AS MODIFIED.
ALDERMAN and ANSTEAD, JJ., concur.