345 So.2d 787 (1977)
Eugene S. BOWNES, Appellant,
v.
STATE of Florida, Appellee.
No. 76-462.
District Court of Appeal of Florida, Fourth District.
April 15, 1977.
Richard L. Jorandby, Public Defender and James R. Bean, III, Asst. Public Defender, for appellant.
*788 Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., for appellee.
DAUKSCH, Judge.
This is an appeal of an illegal sentence and we remand for resentencing.
This Appellant was convicted of a first degree misdemeanor, attempted burglary, and a second degree misdemeanor, petit larceny. On the first degree misdemeanor he was sentenced to one year in the county jail and three years probation after he had served six months of that imprisonment. Since the maximum jail term he could have received was one year the sentence was excessive by two years and six months. Heatherly v. State, 343 So.2d 54 (Fla. 4th DCA, Opinion filed February 25, 1977); Magnin v. State, 334 So.2d 638 (Fla. 2d DCA 1976); Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976); Moore v. State, 324 So.2d 690 (Fla. 1st DCA 1976).
As to the second degree misdemeanor the maximum imprisonment is 60 days. The court sentenced him to two years probation consecutive to the first sentence, after he had served a concurrent 60 days in the county jail with credit for time served awaiting trial and sentencing. The probation of two years after the 60 days incarceration is illegally excessive.
As one of the conditions of the Appellant's probation he was to "draw no unemployment compensation while on probation." This is "an unnecessary restriction upon the valid exercise of a valuable right" and therefore should be removed. Coulson v. State, 342 So.2d 1042 (Fla. 4th DCA, Opinion filed February 18, 1977).
REVERSED and REMANDED for resentencing.
MAGER, C.J., and ALDERMAN, J., concur.