CROSS, Judge.
Appellant-defendant, Anthony Troiano, appeals a judgment of guilty and imposition *658 of sentence from a conviction for accepting unauthorized compensation.
Appellant was charged by information with the offense of accepting unauthorized compensation in connection with his employment as a State Automobile Inspector. After a trial, appellant was found guilty as charged, and was sentenced to five years imprisonment. After serving two and one-half years, appellant was to be placed on probation for a term of four and one-half years.
The sole question presented for our determination is whether the trial court had authority to impose probation beyond the period of maximum sentence.
It is now uniformly held that although a trial judge is permitted to enter a split sentence, the combined period cannot exceed the maximum period of time provided for that particular crime. Holmes v. State, 343 So.2d 632 (Fla. 4th DCA 1977); Heatherly v. State, 343 So.2d 54 (Fla. 4th DCA 1977); Magnin v. State, 334 So.2d 638 (Fla. 2d DCA 1976); Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976); Moore v. State, 324 So.2d 690 (Fla. 1st DCA 1976); Sherman v. State, 344 So.2d 870 (Fla. 4th DCA 1977).
The offense of accepting unauthorized compensation contrary to Section 838.016, Florida Statutes (1975), a third degree felony is punishable by imprisonment for up to five years pursuant to Section 775.082, Florida Statutes (1975). In the instant case, pursuant to a conviction for that crime appellant was sentenced to combined terms of imprisonment and probation, which exceeded the maximum five-year sentence by two years. Thus the error. Accordingly, appellant’s probation is reduced to two and one-half years. McBride v. State, 311 So.2d 752 (Fla. 4th DCA 1975).
Judgment and sentence affirmed, and probation modified.
ANSTEAD and LETTS, JJ., concur.