348 So.2d 1244 (1977)
Michael James MASSEY, Appellant,
v.
STATE of Florida, Appellee.
No. FF-417.
District Court of Appeal of Florida, First District.
August 18, 1977.
Rehearing Denied September 9, 1977.
*1245 Michael J. Minerva, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Raymond L. Marky and Michael H. Davidson, Asst. Attys. Gen., for appellee.
BOYER, Chief Judge.
The issue to be here resolved is whether the offense of attempted burglary of an unoccupied structure is a felony of the third degree or a misdemeanor of the first degree.
Appellant urges that the trial court erred when imposing a five year sentence pursuant to Section 775.082(3)(d) Florida Statutes (1975) upon adjudicating appellant guilty of attempted burglary of an unoccupied structure in accordance with his plea of guilty.
Section 777.04(4)(c) Florida Statutes (1975) provides:
"If the offense attempted, solicited, or conspired to is a felony of the second degree or any burglary, the person convicted shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084."
The Attorney General of the State of Florida, in Opinion 077-4, attempted to construe and interpret several statutes therein cited, and concluded:
"It is my firm opinion that the phrase `... or any burglary, ...' as used in § 777.04(4)(c), F.S. can have reference only to any burglary of of [sic] the second degree and that the attempted burglary of an unoccupied structure of conveyance is a first degree misdemeanor if the offense is otherwise compatible with the requirements set forth in § 180.02(3) [810.02(3)], F.S.
* * * * * *
"The phrase `... or any burglary, ...' in § 777.04(4)(c), F.S., must be construed to mean any burglary of the second degree. The burglary classified by § 810.02(3), F.S., as a third degree felony is reduced by the operation of § 777.04(d), F.S., to a first degree misdemeanor."
We must disagree. The statute does not require construction. The legislature exercised its prerogative in passing the statute and may do the same, if it so elects, by amendment. It is within the province of the legislature to punish attempted burglaries more severely than other attempted third degree felonies. The statute clearly provides that if the offense attempted was "any burglary" then the person convicted shall be guilty of a felony of the third degree. Section 775.082 Florida Statutes (1975), entitled "Penalties" provides punishment "For a felony of the third degree, by a term of imprisonment not exceeding 5 years."
The learned trial judge did not err.
AFFIRMED.
McCORD, C.J., and RAWLS, J., concur.