350 So.2d 575 (1977)
STATE of Florida ex rel. Nathaniel D. WASHINGTON and Anthony Adams, Relators,
v.
Leonard RIVKIND and Ira L. Dubitsky, Judges of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, Respondents.
Nos. 77-563, 77-1200.
District Court of Appeal of Florida, Third District.
October 11, 1977.
Bennett H. Brummer, Public Defender, and Irv J. Lamel and Paul Morris, Asst. Public Defenders, for relators.
Richard E. Gerstein, State's Atty., and Dennis L. Curran and Paul M. Rashkind, Asst. State's Attys., for respondents.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HUBBART, Judge.
These consolidated cases present a single issue as to whether an attempted third degree burglary is a third degree felony or a first degree misdemeanor within the meaning of Sections 777.04(4)(c), (d) and 810.02, Florida Statutes (1975). We hold that an attempt to commit a burglary of any degree, including a burglary of the third degree, constitutes a third degree felony under *576 Section 777.04(4)(c) and 810.02, Florida Statutes (1975).
The relators in this case [Nathaniel D. Washington and Anthony Adams] were charged by information with attempted third degree burglary before the Circuit Court of the Eleventh Judicial Circuit of Florida.[1] The relators moved to dismiss these informations for lack of jurisdiction of the circuit court to entertain them because the informations allegedly charged first degree misdemeanors which only the County Court of Dade County can constitutionally entertain. The respondent trial judges denied the motions on the ground that the charges lodged in the informations constituted third degree felonies which the circuit court had jurisdiction to entertain. Article V, Sections 5(b), 6(b), Florida Constitution; Sections 26.012(2)(d), 34.01(1), Florida Statutes (1975).
The relators have thereafter filed proceedings in this court which we treat as petitions for a writ of prohibition. We issued the rule nisi, but after considering the return and a full argument thereon, we conclude that the rule should be discharged and the petitions dismissed.
Section 777.04(4), Florida Statutes (1975) provides as follows:
"(4) Whoever commits the offense of criminal attempt, criminal solicitation, or criminal conspiracy shall be punished as follows:
(a) If the offense attempted, solicited, or conspired to is a capital felony, the person convicted shall be guilty of a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) If the offense attempted, solicited, or conspired to is a life felony or a felony of the first degree, the person convicted shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(c) If the offense attempted, solicited, or conspired to is a felony of the second degree or any burglary, the person convicted shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(d) If the offense attempted, solicited, or conspired to is a felony of the third degree, the person convicted shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
The only attempted crime singled out by name for punishment in the above attempt statute is attempted burglary. All other attempted crimes are referred to in generic terms. Subsection (c) provides that an attempt to commit "any burglary" shall be punished as a third degree felony. No interpretation of the statute is necessary. It *577 means exactly what it says: all attempted burglaries are punishable alike as a third degree felony.
The relators seek some comfort from subsection (d) of the statute but fail to read it in pari materia with subsection (c). Subsection (d) provides in general terms that an attempt to commit a third degree felony shall be punished as a first degree misdemeanor. This subsection is obviously not referring to attempted burglaries as such crimes are separately and exclusively dealt with in the prior subsection.
Relators contend that this reading of the statute runs counter to an overall legislative scheme to punish attempted crimes less severely than the completed crimes. It is true that the attempt statute has such a general pattern, but with two exceptions. Subsection (e) of the statute provides that an attempted second degree misdemeanor shall be punished as a second degree misdemeanor, not a non-criminal violation. See Section 775.08(3), Florida Statutes (1975). And subsection (c) of the statute punishes any attempted burglary as a third degree felony.
With respect to the latter, the legislature clearly deemed attempted burglary such a serious crime that it deserved to be punished as a felony and never as a misdemeanor. We perceive no legal impediment for the legislature to accomplish this objective even though it may depart from its overall scheme of punishment for other attempted crimes. Moreover, we see no similar impediment in punishing an attempted second degree misdemeanor the same as the completed crime although this, too, departs for different reasons from the general pattern of punishment for attempted crimes.
We recognize that criminal statutes should be strictly construed and that where a statute is susceptible of differing constructions, the construction most favorable to the accused should be adopted. Section 775.021(1), Florida Statutes (1975). We find, however, no other reasonable construction to be given to the attempt statute short of amending it entirely.
The relators ask us to interpret "any burglary" in subsection (c) to mean "any [second degree] burglary." We are not authorized to amend a statute, including a criminal statute, in order to achieve a favorable construction thereof for the benefit of a defendant. See Fine v. Moran, 74 Fla. 417, 429-430, 77 So. 533, 536 (1917). Moreover, to adopt such a construction is to make the statute completely redundant. Subsection (c) makes attempted second degree felonies punishable as a third degree felony. If we interpret "any burglary" in the same subsection to mean only second degree burglary, such a term as interpreted would add nothing to what has already been prohibited. Obviously, the legislature meant something more. And we believe it meant exactly what it said: the attempt to commit "any burglary", not just a second degree burglary, is punishable as a third degree felony.
Criminal statutes must be strictly construed, but they are not to be construed so strictly as to emasculate the statute and defeat the obvious intention of the legislature. In other words, such strict construction is subordinate to the rule that the intention of the lawmakers must be given effect. George v. State, 203 So.2d 173, 176 (Fla. 2d DCA 1967).
We are supported in our result in this case by a recent decision of the First District Court of Appeal in Massey v. State, 348 So.2d 1244 (Fla. 1st DCA 1977), which held that attempted third degree burglary constitutes a third degree felony under section 777.04(4)(c), Florida Statutes (1975). Bownes v. State, 345 So.2d 787 (Fla. 4th DCA 1977), does not reach a contrary result because no contention was made in that case that attempted third degree burglary was a third degree felony, and, thus, the issue was not before the court.
Finally, we have not overlooked the Attorney General's opinion on this subject which reaches a contrary result to that reached in this case. 1977 Attorney General's Opinion 077-4. We are not, however, persuaded by that opinion. Massey v. State, 348 So.2d 1244 (Fla. 1st DCA 1977).
*578 The rule nisi is discharged and the petitions herein are dismissed.
PEARSON, Judge (dissenting).
I would find that under the present Florida Statutes the crime of an attempt to commit burglary in the third degree is a first degree misdemeanor. An attempt to commit a crime was not punishable at common law. If it is to be made a crime by statute, then it must be made a crime by definite and clear enactment. See State v. Llopis, 257 So.2d 17 (Fla. 1971).
In a consideration of the two statutes involved, the courts are presented with a direct conflict. The conflict cannot be reasoned away. The ordinary rules for "interpretation" of a statute are of little help and I think they are of doubtful application.
Therefore, I would return to the fundamental principle that, when charged under a statute, a defendant is entitled to the most favorable reading of that statute. See State v. Llopis, supra; and Negron v. State, 306 So.2d 104 (Fla. 1974). I am encouraged in the wisdom of this result by the reasoning of 1977 Attorney General's Opinion 077-4, where it is pointed out that to eliminate the attempt to commit any burglary from the effect of Section 777.04, Florida Statutes (1975), would destroy the overall statutory scheme of making an attempt a lesser offense than the crime itself. I am also encouraged in the view I have expressed by the apparent holding of the District Court of Appeal, Fourth District, in Bownes v. State, 345 So.2d 787 (Fla. 4th DCA 1977).
I would, therefore, issue the writ.
NOTES
[1] The information in the Washington case reads as follows:

"RICHARD E. GERSTEIN, State Attorney of the Eleventh Judicial Circuit of Florida, prosecuting for the State of Florida, in the County of Dade, under oath, information makes that NATHANIEL DEWITT WASHINGTON on the 25th day of December, 1976, in the County and State aforesaid, did unlawfully attempt to enter or remain in a certain structure, to-wit: BROADMOOR PHARMACY, INC., located at 1220 Northwest 95th Street in the County and State aforesaid, the property of ELLIOT ROSOW, with the intent to commit an offense therein, to-wit: PETIT LARCENY in violation of 810.02 and 777.04 Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."
The information in the Adams case reads as follows:
"THOMAS K. PETERSEN, Assistant State Attorney of the Eleventh Judicial Circuit of Florida, prosecuting for the State of Florida, in the County of Dade, under oath, information makes that ANTHONY ADAMS and RUDOLPH WILLIS on the 30th day of December, 1976, in the County and State aforesaid, did unlawfully attempt to enter or remain in a certain structure, to-wit: SOUTH DADE TIRE CO., located 18030 South Dixie Highway, in the County and State aforesaid, the property of JOHN COLLINS and/or SOUTH DADE TIRE CO., with the intent to commit an offense therein, to-wit: LARCENY, and in such attempt did make a hole in the wall of said structure, in violation of 810.02 and 777.04 Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."