E. J. Salcines State Attorney Tampa
(See 077-4 for question)
SUMMARY:
Upon reconsideration of AGO 077-4, in view of recent appellate court decisions on the same subject as earlier treated in said opinion, I now must conclude that an attempted third degree felony burglary is punishable as a completed offense of the same degree, and hereby recede from the contrary conclusion reached in said opinion.
The First District Court of Appeal of Florida, in Massey v. State, No. FF-417, filed August 18, 1977, ruled upon the following question:
 Should an attempt at a third degree felony burglary be punishable as a third degree felony or as a first degree misdemeanor?
In AGO 077-4 I opined that in view of the interrelationship between ss. 777.04(4) and 810.02, F. S., such an attempt should be punished as a misdemeanor offense of the first degree. The First District Court of Appeal, in ruling upon Massey, supra, concluded that such an offense was punishable as a third degree felony. The conclusions reached in AGO 077-4 and in Massey, supra, are obviously apart, and the First District has reaffirmed the Massey decision in Burgans v. State, Case No. GG-146, Opinion filed September 19, 1977.
The court in Massey, supra, stated that it was well within the province of the Legislature to punish attempted burglaries more severely than other attempted third degree felonies. The court further stated that the pertinent statutes were clear in their operation and did not require any construction.
In this reconsideration of AGO 077-4, I am also aware of the decision in Bownes v. State, 345 So.2d 787 (4 D.C.A. Fla., 1977), which at first blush appears to support the proposition that attempted burglary may be a first degree misdemeanor. The court in Bownes, supra, was faced with questions regarding the propriety of a split sentence imprisonment/probation term entered by the lower court upon appellant's conviction of attempted burglary. The pertinent portion of the court's decision reads as follows:
 This Appellant was convicted of a first degree misdemeanor, attempted burglary, and a second degree misdemeanor, petit larceny. On the first degree misdemeanor he was sentenced to one year in the county jail and three years probation after he had served six months of that imprisonment. Since the maximum jail term he could have received was one year the sentence was excessive by two years and six months. . . . (Emphasis supplied.)
Thus, although the Fourth District Court of Appeal appears in dictum to have accepted the proposition that an attempted burglary may be punishable as a first degree misdemeanor, it does not seem that the court in Bownes was squarely presented with the same question decided in Massey, supra, and I, therefore, conclude that Massey, supra, is controlling authority in regard to the question raised there and in AGO 077-4.
With the benefit of the appellate court decisions cited herein, it appears, upon reconsideration, that the construction placed upon the statutes pertinent to the subject matter of AGO 077-4 was improvident. The rationale behind that construction appears, unfortunately, to have been prompted more by a concern for legislative draftsmanship than legislative prerogative, and therefore was askew in its attitudinal approach to the subject matter, forcing a conflict where there was none and creating ambiguities where there were none, contrary to sound construction principles. State v. Beardsley, 94 So. 660 (1922); Richardson v. City of Miami, 198 So. 51 (Fla. 1940); State ex rel. Green v. City of Pensacola, 126 So.2d 566 (Fla. 1961); Ervin v. Peninsular Tel. Co., 53 So.2d 647 (Fla. 1941); American Bakeries Co. v. Haines City, 180 So. 524 (Fla. 1938); American Bankers Life Assurance Co. of Fla. v. Williams, 212 So.2d 777 (1 D.C.A. Fla., 1968); Florida State Racing Commission v. Bourquardez, 42 So.2d 87 (Fla. 1949). An unfortunate result of this improper approach (as noted in this office's appellate brief in Massey, supra, which urged that AGO 077-4 was the result of an unwise application of the rules of statutory construction) was that the words `or any burglary' were effectively stricken from s. 777.04(4)(c), F. S. Under the construction urged in said opinion, the statute would then have operated as though those words were totally absent therefrom. Such a result is contrary to well-established principles of law that all portions of a statute must be given effect. Goode v. State,39 So. 461 (Fla. 1905); Atlantic Coast Line Railroad Company v. Boyd,102 So.2d 709 (Fla. 1958); In Re Horners Estate, 188 So.2d 386 (3 D.C.A. Fla., 1966). Such a construction cannot stand.
Therefore, in view of the foregoing reconsideration of AGO 077-4 and in view of the aforecited appellate decisions, the same is hereby receded from and withdrawn as an official opinion of this office and is superseded by the instant opinion which here concludes, in light of definitive appellate court treatment of the subject, that an attempted third degree felony burglary is punishable as a third degree felony.
Prepared by: Michael H. Davidson Assistant Attorney General