## STATE v. SMITH.
### Nos. 77-51914 TT and 77-166AC(F).
Circuit Court, Palm Beach County.

October 31, 1977.

Joel M. Weissman, Assistant State Attorney, for the appellant.

Bennett Cohen, Lake Worth, for the appellee.

THOMAS E. SHOLTS, Circuit Judge.

This case came before this court acting in its appellate capacity to review by way of a writ of certiorari (stipulated by the parties), the sentencing of Jewel Childs Smith by Judge James Carlisle of the county court in and for Palm Beach County.

On June 9, 1977, the defendant (appellee) was involved in an accident in the city of Lake Worth.

After noticing the defendant's physical condition, Trooper Ronald Trice placed the defendant under arrest for driving while under the influence in violation of Florida Statute 316.028.

The defendant submitted to a breathalyzer test which read .17.

On July 29, 1977, the defendant entered her plea of no contest to the charge of driving under the influence to the extent her normal faculties were impaired contrary to Florida Statute 316.028.

The lower court at the time of sentencing had the defendant's driving record which indicated a conviction for a prior driving while under the influence charge in the last three years. The defendant also admitted this fact to the lower court.

The lower court sentenced the defendant to a weekend in jail rather than the ten day mandatory sentence provided by Section 316.028, Florida Statutes.

The first issue presented to this court was —

> *Whether Florida Statute 316.028(3) requires a full panoply of information, arraignment and trial on the issue of a prior conviction before the mandatory ten days can be applicable?*

The court believes *Moore v. State*, 324 So.2d 690 (1.D.C.A. 1976), is controlling.

The court in that instance reviewed the sentencing under the recidivist statute and held at page 691 —

> ". . . we conceive that the former strictures of 775.11 requiring the full panoply of information, arraignment and trial on the issue of identity, do not apply *when the fact of the recidivist's prior conviction of a felony appears to the sentencing judge before or at the time of the adjudication and sentence for the subsequent offense.*" (emphasis added)

Applying the same reasoning to the case at bar, the lower court had the defendant's driving record of the prior conviction of Florida Statute 316.028 and the defendant admitted to the same; therefore the court erred in stating it was required of the state to plead and prove the prior conviction before the court was mandated to sentence an individual to ten days in the county jail. Accordingly, the above stated issue is answered in the negative.

The second issue the state presented was —

> *Whether the lower court must sentence a defendant to the mandatory minimum as provided by Florida Statute 316.028(3)?*

The legislature provided for certain penalties when an individual is convicted more than once for driving under the influence contrary to Section 316.028, Florida Statutes.

In the case at bar the lower court sentenced the defendant to a weekend in jail while the statute provided ten days minimum.

Upon reviewing this sentence this court is not unmindful that many factors are taken into consideration upon a court sentencing a defendant; but although a court may disagree with the wisdom

of certain minimum sentences, it cannot disregard the same, unless the sentence is determined to be cruel or unusual punishment which is not the case in this instance. See *Sowell v. State*, 342 So.2d 969 (Fla. 1977).

The legislature is empowered to set the punishment for various criminal offenses. In doing so, it too realizes the implications of minimum mandatory sentencing, and it was not unmindful of the widespread problem of alcohol related offenses.

Public policy requires from all sectors of the government nothing less than a total concern for drinking and driving; and where as in this instance a defendant is convicted a second time within a period of three years, the court is under a duty to provide the minimum mandatory sentence of incarceration in the county jail in order for this type of offense to be controlled as the people of this state have mandated through its legislative body.

Therefore, the lower court erred in sentencing the defendant to only a weekend in the county jail and this cause is remanded to the lower court to comply with the minimum mandatory sentencing for this defendant, with credit to be given for any time served by her for this offense.