351 So.2d 89 (1977)
STATE of Florida, Appellant,
v.
Lois A. WILCOX, Appellee.
No. 77-271.
District Court of Appeal of Florida, Second District.
November 2, 1977.
*90 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and James A. Cornelius, Asst. Public Defender, Bartow, for appellee.
BOARDMAN, Chief Judge.
This cause has been presented to us by the timely filing of a notice of appeal to review an order placing appellee/defendant, Lois A. Wilcox, a felony offender, on unsupervised probation for a period of one year. This is a nonappealable order, but we have elected to treat the appeal as a petition for writ of certiorari.
The state may appeal those orders, rulings, sentences, and judgments specifically enumerated in Section 924.07, Florida Statutes (1975).[1] Section 924.07(5), "[t]he sentence, on the ground that it is illegal," is only arguably applicable to the facts of this appeal. We point out that Fla.R.Crim.P. 3.700(a) defines "sentence" to mean "the pronouncement by the Court of the penalty imposed upon a defendant for the offense of which he has been adjudged guilty." Inasmuch as adjudication was withheld, as it typically is when probation is imposed, a sentence was not imposed within the meaning of Rule 3.700(a). Review by appeal not being proper in the circumstances of this case, the court may consider the order of the trial court by certiorari if the order is, as here, unauthorized or violates the essential requirements of precedential law. Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942).
Appellee was charged with attempted burglary of a dwelling.[2] She pled nolo contendere to attempted burglary. Section 777.04(4)(c) provides that any attempt of any degree of burglary is a third-degree felony.[3]Massey v. State, 348 So.2d 1244 (Fla. 1st DCA 1977). Adjudication was withheld, and she was placed on unsupervised probation for one year. The state argues that the trial court erred in imposing unsupervised probation.
Section 948.01(3), Florida Statutes (1975), authorizes the court to impose a term of probation in lieu of a term of imprisonment, and the defendant is to be placed, in certain situations, under the supervision of the Department of Offender Rehabilitation (DOR).
If it appears to the court upon a hearing of the matter that the defendant is *91 not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt, and in either case stay and withhold the imposition of sentence upon such defendant, and shall place him upon probation under the supervision and control of the [department] for the duration of such probation. And the [department] shall thereupon and thereafter, during the continuance of such probation, have the supervision and control of the defendant. However, no defendant placed on probation for a misdemeanor shall be placed under the supervision of the [department] unless the court affirmatively and specifically orders such supervision after finding that supervision in the community is necessary to provide adequate protection to the community [or] to assist in the rehabilitation of the offender, or both.
Section 948.01(3), Florida Statutes.
Although the statute provides that a defendant on probation for a misdemeanor need not be placed under the supervision of the DOR, supervision by the DOR of a defendant on probation for a felony is required by the statute. It has been held that the word "shall" when used by the legislature to prescribe the action of a court is usually a grant of authority and means "may." Simmons v. State, 160 Fla. 626, 36 So.2d 207 (1948); State ex rel. Harrington v. Genung, 300 So.2d 271 (Fla. 2d DCA 1974). However, it has also been held that probation is a creature of statute, and the courts are therefore limited to the authority afforded by the applicable statute. Pickman v. State, 155 So.2d 646 (Fla. 3d DCA 1963), cert. denied, 164 So.2d 805 (Fla. 1964); Brown v. State, 302 So.2d 430 (Fla. 4th DCA 1974). We hold that Section 948.01(3), Florida Statutes (1975) providing that a defendant placed on probation for commission of a felony offense be supervised by the Department of Offender Rehabilitation is mandatory.
The petition for writ of certiorari is granted, and the cause is reversed and remanded with directions consistent with this opinion.
GRIMES and OTT, JJ., concur.
NOTES
[1] Appeal by the State.  The state may appeal from:

(1) An order dismissing an indictment or information or any count thereof;
(2) An order granting a new trial;
(3) An order arresting judgment;
(4) A ruling on a question of law when the defendant is convicted and appeals from the judgment;
(5) The sentence, on the ground that it is illegal;
(6) A judgment discharging a prisoner on habeas corpus;
(7) An order adjudicating a defendant insane under the Florida Rules of Criminal Procedure; or
(8) All other pretrial orders, except that it may not take more than one appeal under this subsection in any case.
Sec. 924.07, Fla. Stat. (1975). Additional grounds for appeal by the state are set out in Sec. 924.071 (1975).
[2] The information stated that the offense was committed contrary to §§ 810.02(3) and 77.04, Fla. Stat. (1975).
[3] Although the Fourth District in Bownes v. State, 345 So.2d 787 (Fla. 4th DCA 1977), stated that attempted burglary is a first-degree misdemeanor, the statement was made in the context of a recitation of the controlling facts rather than as a legal holding of the court. There is no citation of authority and no discussion of or indication that the issue before this court was ever presented in Bownes. Consequently, Bownes does not provide any precedential value.