PER CURIAM.
The trial judge sentenced Robert James Jabbour to three years incarceration to be followed by seven years probation, which is in excess of the five year maximum sentence permissible for the offense of sale of marijuana. Florida courts have held such sentences to be excessive. Moore v. State, 324 So.2d 690 (Fla. 1st DCA 1976); Watts v. State, 328 So.2d 223 (Fla. 3d DCA 1976); Magnin v. State, 334 So.2d 638 (Fla. 2d DCA 1976); Heatherly v. State, 343 So.2d 54 (Fla. 4th DCA 1977); Holmes v. State, 343 So.2d 632 (Fla. 4th DCA 1977); Sherman v. State, 344 So.2d 870 (Fla. 4th DCA 1977); Walker v. State, 345 So.2d 780 (Fla. 4th DCA 1977); Wright v. State, 345 So.2d 782 (Fla. 4th DCA 1977).
The sentence provides that Jabbour serve the three years imprisonment “at hard labor.” To be imprisoned “at hard labor” is improper because no existing state statute provides for imprisonment at hard labor as a sentence for any offense. McDonald v. State, 321 So.2d 453 (Fla. 4th DCA 1975); Lucas v. State, 350 So.2d 32 (Fla. 2d DCA 1977).
Therefore, the sentence is modified to the extent that the language “at hard labor” is stricken, and the probationary term is reduced to two years in accordance with the requirements of law. The other points raised on this appeal have been considered and are without merit. The judgment and the sentence, as modified, are
Affirmed.