356 So.2d 848 (1978)
John Edward GRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 77-221.
District Court of Appeal of Florida, Fourth District.
March 14, 1978.
Rehearing Denied April 18, 1978.
Richard L. Jorandby, Public Defender, Frank B. Kessler and Marc E. Kirk, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant, John Edward Gray, was charged by information under count one with the criminal offense of burglary of a structure with the intent to commit larceny, and under count two thereof with displaying a weapon while committing or attempting to commit a felony. Appellant was convicted, adjudged guilty, and sentenced under count one for attempted burglary of a structure and under count two for displaying *849 a weapon. This appeal then followed.
Several points on appeal are raised by appellant. However, only one merits discussion, and that is needed in order to clarify dicta appearing in Bownes v. State, 345 So.2d 787 (Fla.4th DCA 1977). In Bownes, the case was reversed and remanded to the trial court for resentencing on the basis of an unnecessary restriction imposed under terms of probation. The appellant in Bownes was convicted of attempted burglary, and therein attempted burglary was characterized as a first degree misdemeanor. The great weight of authority, as expressed by our sister courts, recognizes that attempted burglary is a third degree felony, a view which we herein adopt. State v. Wilcox, 351 So.2d 89 (Fla.2d DCA, Opinion filed November 2, 1977); State ex rel. Washington v. Rivkind, 350 So.2d 575 (Fla.3d DCA, Opinion filed October 11, 1977); Massey v. State, 348 So.2d 1244 (Fla.1st DCA 1977); Opin.Atty.Gen. 077-112 (1977).
We have considered the remaining points raised on appeal and determined them to be without merit. Accordingly, the judgment is affirmed.
Affirmed.
ALDERMAN, C.J., and DURANT, N. JOSEPH, JR., Associate Judge, concur.