360 So.2d 380 (1978)
STATE of Florida, Petitioner,
v.
Ricky W. HOLMES et al., Respondents.
No. 51608.
Supreme Court of Florida.
April 27, 1978.
As Modified On Denial of Rehearing July 13, 1978.
*381 Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony C. Musto, Asst. Atty. Gen., Miami, for petitioner.
Richard L. Jorandby, Public Defender, Frank B. Kessler, Chief Asst. Public Defender, and Marc R. Goldstein, Asst. Public Defender, West Palm Beach, for respondents.
HATCHETT, Justice.
We have for review a decision holding that the combined period of incarceration and probation imposed under Florida's split sentencing statute, Section 948.01(4), Florida Statutes (1975), must be within the maximum period of incarceration allowed by statute for the offense for which sentence is being imposed. Because this decision conflicts with State v. Jones,[1] 327 So.2d 18 (Fla. 1976), we have jurisdiction.[2] The decision of the district court is approved.
Respondents, Ricky W. Holmes, Edgar Allen Holmes, and Helen Ann Holmes, were convicted of breaking and entering with intent to commit a misdemeanor and were sentenced under Section 948.01(4), Florida Statutes (1975), to combined terms of imprisonment and probation in excess of the five year period of incarceration permitted by Section 775.082(3)(d), Florida Statutes (1975).[3] Ricky Holmes and Edgar Allen Holmes were each sentenced to three years incarceration, one and one half years of which were suspended, followed by four years probation. Helen Holmes was sentenced to five years incarceration with two years suspended, followed by four years probation. The Fourth District Court affirmed the judgments and convictions but modified the sentences, holding that the combined time spent incarcerated and on probation must not total more than the maximum period of incarceration allowed by statute for the offense.
*382 Section 948.01(4) authorizes the imposition of a sentence popularly known as a "split sentence," that is, a sentence imposing a specified period of incarceration followed by a specified period of probation. That statute provides as follows:
Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court.
The statute is silent as to how long the period of probation may be, separately, or in combination with the period of incarceration. The district court held that both periods combined must be within the maximum period of incarceration allowed by statute for the particular offense charged. That decision is in accord with the decisions of the other district courts on this issue. See Moore v. State, 324 So.2d 690 (Fla. 1st DCA 1976); Magnin v. State, 334 So.2d 638 (Fla. 2nd DCA 1976); Watts v. State, 328 So.2d 223 (Fla. 2nd DCA 1976); Heatherly v. State, 343 So.2d 54 (Fla. 4th DCA 1977); McNulty v. State, 339 So.2d 1155 (Fla. 1st DCA 1976), and Troiano v. State, 347 So.2d 657 (Fla. 4th DCA 1977).
In State v. Jones, supra, the case cited by petitioner for conflict, this court addressed a related issue: the permissible period of incarceration following revocation of probation imposed as a part of the original sentence. In that case this court held that upon revocation of probation, a trial judge may impose any sentence which he might have originally imposed minus the time spent in jail as part of the same sentence. The court stated:
We read this provision of the statute [Section 948.01(4), Florida Statutes (1973)] to mean that the time spent in jail must be within any maximum jail sentence which could be imposed. (emphasis added) at 25.
But, the court went on to hold:
... we hold (1) the trial court may place a defendant on probation and include, as a condition, incarceration for a specific period of time within the maximum sentence allowed; ... (emphasis added) at 25.
Petitioner argues that this language means that where a trial judge imposes a split sentence, he may impose the maximum period of incarceration plus a period of probation. Obviously, petitioner argues, the combined periods of probation and incarceration would, under these circumstances, exceed the maximum period of incarceration allowed by statute for the particular offense.
In Jones, the court was called upon to answer a certified question regarding the permissible length of incarceration following a revocation of probation imposed under Section 948.01(4). In answering this certified question, the court also answered the question raised by appellants herein; and it answered that question in a way that confused the law on the issue now presented. That portion of the decision which holds that a trial judge may sentence a defendant to a combined period of incarceration and probation in excess of the maximum period provided by statute for the offense charged is overruled.
In Watts, the court gave the reasoning for holding the combined periods within the statutory maximum in these words:
Until 1974, Fla. Stat. § 948.04 specified that a term of probation could not extend more than two years beyond the maximum permissible sentence. But, Ch. 74-112, effective July 1, 1974, eliminated this proviso. We think, therefore, a court is now powerless to extend a period of probation beyond the maximum permissible sentence except as provided in that statute.
The power to place a defendant on probation for a period of time not to *383 exceed the maximum sentence which may be imposed can be inferred, but since July 1, 1974, there no longer exists any express statutory basis for allowing a longer period of probation. There is validity to not allowing probation to extend beyond the period of maximum sentences. First, a penal statute must be strictly construed in favor of those against whom it would operate; and second, to infer that a court could extend probation beyond such a maximum permitted punishment would lead to unacceptable results. At 223. (footnotes omitted)
We hold: (1) that a trial judge is authorized by Section 948.01(4) to sentence a defendant to a period of incarceration followed by a period of probation; (2) that the combined periods at the time of the original sentence cannot exceed the maximum period of incarceration provided by statute for the offense charged; (3) that if probation is subsequently revoked, a trial judge may impose any sentence which he might have originally imposed minus jail time previously served as a part of the sentence; and that (4) no credit shall be given for time spent on probation.
Accordingly, we approve the decision of the Fourth District Court of Appeal.
It is so ordered.
ADKINS, Acting C.J., and BOYD and SUNDBERG, JJ., concur.
ENGLAND, J., dissents.
NOTES
[1] Holmes v. State, 343 So.2d 632 (Fla. 4th DCA 1977).
[2] Art. V, § 3(b)(3), Fla. Const.
[3] Sec. 775.082(3) and Sec. 775.082(3)(d), Fla. Stat. (1975), provide in pertinent part:

(3) a person who has been convicted of any other designated felony may be punished as follows:
(d) for a felony of the third degree, by a term of imprisonment not exceeding five years.