PER CURIAM.
Upon consideration of the record and briefs and after oral argument, we conclude that only one point raised by appellant has merit: his sentences are excessive.
Appellant pled nolo contendere and was found guilty of resisting an officer with violence and three counts of attempted second-degree murder. He was given concurrent sentences of three years in prison to be followed by twenty-seven years probation on each count.
The probationary periods are excessive. Resisting an officer with violence is a third-degree felony, § 843.01, Fla.Stat. (1977), punishable by a maximum sentence of five years. § 775.082(3)(d), Fla.Stat. (1977). Second-degree murder is a first-degree felony. § 782.04(2), Fla.Stat. (1977). An attempt to commit a first-degree felony is a second-degree felony, § 777.04(4)(b), punishable by a maximum sentence of fifteen years. § 775.082(3)(c). The period of probation combined with the period of incarceration may not exceed the maximum period of incarceration provided by statute for the offense charged. State v. Holmes, 360 So.2d 380 (Fla.1978). Assuming that appellant was not sentenced as a habitual offender,[1] the maximum probationary periods are two years on the charge of resisting an officer and twelve years on the attempted second-degree murder charges.
Accordingly, the judgments are affirmed, but the cause is remanded for correction of the sentences.
GRIMES, C. J., and BOARDMAN and RYDER, JJ., concur.

. The transcript of the sentencing hearing was not made a part of the record.