PER CURIAM.
The order denying appellant’s motion for post-conviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure, as it relates to appellant’s contentions that he did not knowingly and voluntarily enter a plea of nolo contendere, is affirmed. However, the case is remanded for correction of the judgment and sentence, because the trial judge placed the appellant on unsupervised probation.
The court suspended the remainder of a 10-year sentence after directing that appellant serve the first 195 days of it, and further directed that he remain on unsupervised probation as to the suspended portion, and attached to it the condition that he leave the state of Florida by a certain date.
Probation is a creature of statutory law, and the courts are, therefore, limited to the authority set out in the applicable statute. State v. Wilcox, 351 So.2d 89, 91 (Fla. 2d DCA 1977); Brown v. State, 302 So.2d 430 (Fla. 4th DCA 1974). Section 948.01(3), Florida Statutes (1979), clearly states that an individual placed on probation shall be supervised by the Department of Corrections. The statutory requirement is mandatory. Hardy v. State, 370 So.2d 822, 823 (Fla. 2d DCA 1979); Wilcox, supra, at 91.
That portion of the sentence placing appellant on unsupervised probation is reversed and the cause is remanded for further proceedings consistent with this opinion.
McCORD, ROBERT P. SMITH, Jr., and ERVIN, JJ., concur.