WIGGINTON, Judge.
Appellant appeals the trial court’s order finding him guilty of attempted burglary of *269 an unoccupied structure in violation of Sections 810.02(3) and 777.04(4)(c), Florida Statutes. He argues that the trial court erred in denying his motion to dismiss the charge on the ground that Section 777.-04(4)(c) is unconstitutional and violative of his rights of equal protection and due process. We affirm.
Appellant was found guilty of attempted burglary in the third degree. Section 777.-04(4)(c) provides:
If the offense attempted, solicited, or conspired to is a felony of the second degree or any burglary, the person convicted shall be guilty of a felony of the third degree .... (Emphasis supplied)
Thus, the attempt to commit third degree burglary is punishable under that statutory provision to the same extent as the consummated crime of third degree burglary. Although Section 777.04(4) operates generally to reduce an attempted crime one degree below the consummated crime, pursuant to 777.04(4)(c) offenders who attempt a first degree burglary are reduced two degrees to third degree burglary whereas those who attempt a third degree burglary receive no reduction for the unconsummated crime. Appellant’s position is that that result violates equal protection in that all people who fall within the classification of “any burglary” are not treated equally. We disagree.
To comply with equal protection requirements, a statute must treat all people within a class the same, and the division into classes must bear some reasonable relationship to a legitimate state objective. Haber v. State, 396 So.2d 707 (Fla.1981); Soverino v. State, 356 So.2d 269 (Fla.1978). The Florida Legislature acted within its province in declaring that such a serious crime as attempted burglary deserved to be punished always as a felony and never as a misdemeanor. See Massey v. State, 348 So.2d 1244 (Fla. 1st DCA 1977) and State ex rel. Washington v. Rivkind, 350 So.2d 575 (Fla. 3d DCA 1977). The legislature’s categorization of this criminality constitutes a reasonable classification based upon the legitimate state objective of protecting citizens and their property from the threat of invasion. We conclude that the classification, as felons, of all those persons attempting burglary is grounded on a rational basis. Further, all offenders within the class are treated the same and are subject to being charged alike, as third degree felons, and none are treated more harshly than others. Therefore, Section 777.04(4)(c) does not violate equal protection.
AFFIRMED.
ERVIN, C.J., and THOMPSON, J., concur.