ON MOTION FOR REHEARING
PER CURIAM.
We grant appellant’s motion for rehearing, withdraw our earlier opinion and substitute the following:
Allen D. Klibe (Klibe) appeals his sentence for the attempted purchase of cocaine. This sentence of eighteen months community control with a special condition of four months incarceration followed by five years probation was imposed after he entered a guilty plea to the charge of purchasing cocaine within 1,000 feet of a school and to violating his probation on the attempted purchase charge.
Although the trial court did not specifically pronounce two separate sentences at the hearing, on the motion for rehearing this court now knows that the trial court did enter identical, but separate written sentences, separate orders of probation, and separate orders of community control for the offense of attempted purchase under one ease number and for the offense of purchase near a school under another case number.
The issue is whether the trial court intended to impose one sentence at the sentencing hearing, which would be an improper general sentence, or whether the trial court intended to impose two sentences of eighteen months community control with a special condition of four months jail time followed by five years probation. For the following reasons, we conclude that the trial court intended to impose two sentences.
First, the trial court entered separate written sentences for the offenses of attempted purchase and purchase near a school. Second, when the trial court stated that “both cases and counts can run concurrent,” the court could not have been referring to one general sentence because a general sentence can not run concurrent to itself. Thus, the record reflects that the intent of the trial court at the hearing was to impose a separate sentence for each offense.
Klibe correctly argues that if the trial court intended to impose a separate sentence of eighteen months community control with a special condition of four months incarceration followed by five years probation for each of the two offenses, the sentence for attempted purchase is illegal because the maximum statutory sentence of five years for the third degree felony has been exceeded by one and one-half years. Because the combined period of prison and probation can not exceed the statutory maximum, State v. Holmes, 360 So.2d 380 (Fla.1978), we reverse the sentence imposed on Klibe.
Furthermore, the trial court erred in assessing court costs against appellant without notice and an opportunity to be heard.
We reverse the excessive sentence and imposition of costs and remand the case to the trial court.
REVERSED AND REMANDED.
DOWNEY, DELL and GUNTHER, JJ., concur.