PER CURIAM.
This is an appeal by the defendant La-Forest Leon Williams from a sentence of fifteen-months imprisonment which was imposed below upon a revocation of probation; the probation was previously imposed for unlawful sale of cocaine. The trial court refused, over objection, to give the defendant credit on this sentence for the time he served in the county jail prior to being placed on probation, to wit: 156 days; instead, the trial court gave the defendant credit solely for the time he served in the county jail awaiting his hearing on the violation of probation charged, to wit: 8 days.
Upon the state’s confession of error, which we accept as well taken, we reverse the sentence under review and remand the cause to the trial court with directions (1) to reimpose the original fifteen-month sentence, and (2) to give the defendant credit on this sentence for (a) the time he served in the county jail prior to being originally placed on probation, to wit: 156 days [from January 31, 1990 to July 5, 1990], and (b) *1302 the eight days he served in the county jail awaiting his violation of probation hearing. The defendant need not be present in court for this modification of sentence.
The law is well settled that where, as here, a defendant is sentenced to prison for a violation of probation, the defendant must be given credit for time he served in the county jail prior to being originally placed on probation, State v. Green, 547 So.2d 925, 926 (Fla.1989); State v. Holmes, 360 So.2d 380, 383 (Fla.1978), as well as the time he served in the county jail awaiting his violation of probation hearing. Section 921.161(1), Fla.Stat. (1989).
Reversed and remanded.