PER CURIAM.
Appellant John Palumbo pled guilty to making a false financial statement and third degree felony grand theft. He received a suspended ten year habitual offender prison sentence on the grand theft, but the court did impose on him a one year jail term, followed by two years of community control and then three years of probation. For the false statement adjudication, he was sentenced to time served. As part of his plea, appellant agreed that if he violated probation, he would receive the ten year habitual offender sentence which had been suspended.
Appellant was found to have violated his community control, and it was revoked. He was sentenced to ten years in prison. He filed a motion to correct illegal sentence pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, seeking credit for the time served on community control. The trial court summarily denied relief, and we affirm based on Young v. State, 22 Fla. L. Weekly S349 (Fla. June 19, 1997), in which the Supreme Court acknowledged that a defendant who violates the probationary portion of a split sentence may not receive credit for time spent on probation or community control against a newly imposed sentence of incarceration. See State v. Holmes, 360 So.2d 380 (Fla.1978).
GUNTHER, WARNER and FARMER, JJ., concur.