CARROLL, Judge.
This is an original proceeding in prohibition. The relator alleged he was charged with the crime of murder in the first degree by a grand jury indictment issued on January 15, 1974; that he was 16 years of age on the date of the alleged offense; that thereafter the indictment was dismissed, and on March 8, 1974, he was charged by an information with the crime of murder in the second degree; that his motion to the circuit court claiming lack of jurisdiction to try him therein as an adult, and for transfer of the matter to the juvenile division for prosecution proceedings therein as provided for in Chapter 39 Fla. Stat., F.S.A., was denied.
This court issued a rule nisi in prohibition, to which the respondent filed a motion to quash and respond. After hearing thereon, and upon consideration of the pleadings, briefs and argument, we hold that good cause has not been shown why prohibition should not issue, and that the relator is entitled to judgment in prohibition.
By § 39.02(5) (c) Fla.Stat, F.S.A., a juvenile charged by a grand jury indictment with violation of a Florida law punishable by death or life imprisonment is to be handled as if he were an adult, and not in the juvenile court jurisdiction. Here, however, the indictment by which he was so charged was dismissed, and the juvenile was charged with a different offense (second degree murder) by an information. In that circumstance the law does not provide for the juvenile to be treated as an adult, but for proceedings thereon to be held in the juvenile court (or, now, in the juvenile division of the circuit court) as provided for in Chapter 39, unless after due notice *641 and hearing a judge of the latter shall waive jurisdiction for prosecution of the matter under Chapter 39 and order transfer of the juvenile to “the court which would have jurisdiction of the child if the child were an adult”, as provided for by subsection (5) (a) of § 39.02 Fla.Stat., F.S. A.
Accordingly, the rule nisi in prohibition is made absolute. It is assumed the issuance of a formal writ of prohibition will not be necessary to effectuate compliance with the above holding.