350 So.2d 829 (1977)
E.H.N., a Child, Petitioner,
v.
Honorable Ben C. WILLIS As Circuit Judge of the Second Judicial Circuit of Florida, in and for Gadsden County, Florida, Respondent.
No. GG-454.
District Court of Appeal of Florida, First District.
October 17, 1977.
*830 Michael J. Minerva, Public Defender, Edward L. Harvey, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for respondent.
MILLS, Judge.
By Suggestion for Writ of Prohibition, the minor contends that the adult division of the circuit court is without jurisdiction to try him as an adult on four felony charges because the juvenile division of the circuit court has not waived jurisdiction and certified the cases to the adult division for trial. We agree.
The minor was charged by separate informations with two felonies. Thereafter, he was charged by a single information with two additional felonies. He moved to dismiss the informations because the juvenile division had not waived jurisdiction and certified the cases to the adult division. The adult division denied the motion to dismiss because at the time the four felonies were committed the minor was serving a sentence based on a prior felony conviction in the adult division following a waiver and certification by the juvenile division. The adult division was of the opinion that this action placed the minor in adult status under that part of Section 39.02(5)(a), Florida Statutes (1975), which provides that after entry of an order of waiver, "thereafter the child shall be subject to the jurisdiction of the appropriate court as if the child were an adult". Further, the adult division was of the opinion that the quoted part of Section 39.02(5)(a) was particularly applicable to this case because the four felonies arose from or were closely connected with the incarceration arising out of the prior felony conviction.
Unless charged by indictment with a crime punishable by death or life imprisonment, a child must be initially charged by a delinquency petition. A.D.T., a minor v. *831 State, 318 So.2d 478 (Fla.1st DCA 1975). The four charges against the minor were not punishable by death or life imprisonment.
Section 39.02(5)(a) provides:
"If the judge finds, after a waiver hearing as provided in s. 39.09, that any child who is fourteen [14] years of age or older and who, if an adult, would be charged with a violation of Florida law should be tried as an adult, the judge may enter an order waiving jurisdiction and certifying the case for trial as if the child were an adult, and thereafter the child shall be subject to the jurisdiction of the appropriate court as if the child were an adult."
Under this statute, it is the case that is certified for trial as if the child were an adult. The case is the one pending before the juvenile division in which the child is charged with being delinquent by reason of an alleged violation of the law. This statute transforms the child into an adult for the sole purpose of dealing with the alleged violation pending in the juvenile division and no other. The words "and thereafter the child shall be subject to the jurisdiction of the appropriate court as if the child were an adult", mean nothing more than that after the case is certified for trial as if the child were an adult he is thereafter to be dealt with as an adult with respect to the alleged violation certified for trial.
Therefore, a child cannot be tried as an adult on a criminal charge unless the juvenile division has first waived jurisdiction and certified the case for trial as though the child were an adult. This is necessary as to a new criminal charge although the juvenile division has previously waived jurisdiction as to an earlier criminal charge and certified the case for trial as though the child were an adult.
The Writ of Prohibition is made permanent.
McCORD, C.J., and BOYER, J., concur.