365 So.2d 451 (1978)
In the Interest of S. E. B., a Child.
No. KK-20.
District Court of Appeal of Florida, First District.
December 20, 1978.
Michael J. Minerva, Public Defender, and Janice G. Scott, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
MILLS, Judge.
S.E.B. appeals an order of adjudication of delinquency and urges the trial court erred *452 in denying his motion to dismiss the delinquency petition since it was not filed within thirty (30) days from the date the complaint was referred to the intake office. Fla.R. Juv.P. 8.110(e) and Section 39.05(7), Florida Statutes (1977). We agree and reverse.
S.E.B. was taken into custody for an armed robbery on December 26, 1977. The complaint based on this conduct was filed with the appropriate intake officer as required by Section 39.03(2) Florida Statutes (1977) on December 27, 1977. On January 11, 1978, an indictment was returned against S.E.B. alleging that he had committed a robbery with a weapon. S.E.B.'s motion to dismiss the indictment was granted by the circuit court March 27, 1978 on the basis that the indictment was insufficient to charge a juvenile with a criminal offense. The delinquency petition was filed April 24, 1978 (118 days after the complaint was filed with the intake officer). S.E.B. moved to dismiss the delinquency petition as untimely.
Section 39.05(7), Florida Statutes (1977) provides:
(7) On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 30 days from the date the complaint was referred to the intake office.
Fla.R.Juv.P. 8.110(e) contains a similar provision. Under Section 39.05(7), the delinquency petition was untimely.
The state contends the petition was timely because it was filed within thirty days of the dismissal of the defective indictment. The state further asserts that the juvenile court was divested of jurisdiction from the time the indictment was returned until it was dismissed. We disagree.
Jurisdiction of the juvenile court attaches when the child is taken into custody or when the summons is served, whichever first occurs. Section 39.06(7), Florida Statutes (1977). Jurisdiction may be divested following a waiver hearing as provided by Section 39.02(5)(a), Florida Statutes (1977). No waiver hearing was held herein. Or, jurisdiction may be divested when an indictment is returned against a child as set forth in Section 39.02(5)(c), Florida Statutes (1977). That section provides:
(c) A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set out in s. 39.06(7) unless and until an indictment on such charge is returned by the grand jury, in which event and at which time the court shall be divested of jurisdiction under this statute and the charge shall be made and the child shall be handled in every respect as if he were an adult... . (Emphasis supplied)
Jurisdiction herein was not divested by virtue of the indictment. As previously noted, the indictment alleged that S.E.B. committed robbery with a weapon. This offense is not punishable by life imprisonment, but rather is punishable by a maximum term of imprisonment of thirty years. Sections 812.13(2)(b) and 775.082(3)(b), Florida Statutes (1977). Since the juvenile court was not divested of jurisdiction, the delinquency petition was required to be filed within thirty days from December 27, 1977. Even if the thirty day period could be considered to have been tolled by virtue of the defective indictment, the delinquency petition was still untimely. There was no reason for the thirty day period to start anew after the dismissal of the defective indictment.
The adjudication of delinquency is reversed with directions that S.E.B.'s motion to dismiss the delinquency petition as untimely be granted.
BOYER, Acting C.J., concurs.
BOOTH, J., dissents without opinion.