374 So.2d 543 (1979)
Robert Michael WHIDDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1346.
District Court of Appeal of Florida, Second District.
July 6, 1979.
Rehearing Denied August 24, 1979.
*544 Donald G. Doddington, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
This case presents, in an unusual setting, the question of whether the legislature has done away with the distinction between the crimes of robbery and attempted robbery.
On June 5, 1977, law enforcement officers arrested appellant in Hillsborough County and charged him with attempted robbery. At that time appellant was sixteen years of age. Subsequently, the state presented the case to the Hillsborough County Grand Jury, and the grand jury indicted appellant for attempted robbery with a deadly weapon.
Appellant then filed a motion in the criminal justice division of the circuit court, requesting that it transfer his case to the juvenile court because the state had failed to provide him with a waiver hearing in that court. At the hearing on appellant's motion the state countered that since the grand jury had indicted appellant for a crime for which he could be imprisoned for life, he was not entitled to a waiver hearing under Section 39.02(5)(c), Florida Statutes (1977).[1] Implicit in this contention was the argument that there was no distinction between robbery and attempted robbery so that the maximum penalty for attempted robbery with a deadly weapon was the same as for robbery with a deadly weapon, namely life imprisonment. The court agreed with the state's arguments and denied the motion to transfer. Appellant then pled nolo contendere, reserving his right to contest *545 in this court the denial of his motion. His timely appeal followed the entry of a judgment of guilt and a five year sentence.
The correctness of the trial court's ruling depends upon whether an attempt to commit robbery now constitutes a robbery. If not, and attempted robbery still stands as an independent offense, Section 777.04, Florida Statutes (1977), which is the statute dealing with attempts, would make appellant's crime a second degree felony.[2] Thus, he would have been entitled to a waiver hearing. In the Interest of S.E.B., 365 So.2d 451 (Fla. 1st DCA 1978).
Prior to 1974, robbery was proscribed by a one paragraph statute which simply defined the crime and specified that it constituted a first degree felony. § 813.011, Fla. Stat. (1973). At that time attempted robbery was clearly a separate crime punishable as a third degree felony under Section 776.04, Florida Statutes (1973). As part of the revision of our criminal code in 1974, the legislature changed the robbery statute so as to provide for gradations of the crime. Ch. 74-383, § 38, Laws of Fla. The statute now reads as follows:
812.13 Robbery. 
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) An act shall be deemed "in the course of committing the robbery" if it occurs in an attempt to commit robbery or in flight after the attempt or commission.
Subsection (1) is substantially equivalent to the old robbery statute. Subsections (2) and (3) were added by the 1974 amendment.
The state contended and the trial court concluded that notwithstanding Section 777.04, the language of subsection (3) makes robbery and attempted robbery the same crime. While this position is arguable from the literal language of the statute, we do not think that this was the legislature's intent. We believe that the equation of the phrase "in an attempt to commit robbery" with the phrase "in the course of committing the robbery" was meant only to extend the enhancement provisions of subsections (2)(a), (b) and (c) to attempted robbery as well as robbery so as to make attempted robbery with a deadly weapon a higher offense than attempted robbery with a weapon or attempted robbery without a weapon. See Vitko v. State, 363 So.2d 42, 43 n. 1 (Fla.2d DCA 1978). This does not mean, however, that attempted robbery with a deadly weapon will be an offense equal to robbery with a deadly weapon. Rather, it will continue to be a lesser degree felony as Section 777.04 provides.
Had the legislature intended to do away with the distinction between attempted robbery and robbery, we believe it would have done so in subsection (1) which actually defines robbery and not in the later subsections which deal with enhancement.[3] Moreover, if the purpose of subsection (3) was to merge attempts with the completed crime, *546 there would be no reason to make reference to flight since flight, standing by itself, is not a crime.
In view of what we have said, we hold that in charging appellant with attempted robbery with a deadly weapon, the state did not charge him with a life felony, and so it could not prosecute him as an adult without a waiver hearing. Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.
OTT and DANAHY, JJ., concur.
NOTES
[1] Section 39.02(5)(c) provides that:

A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set out in s. 39.06(7) unless and until an indictment on such charge is returned by the grand jury, in which event and at which time the court shall be divested of jurisdiction under this statute and the charge shall be made and the child shall be handled in every respect as if he were an adult. No adjudicatory hearing shall be held within 14 days from the date that the child is taken into custody unless the state attorney advises the court in writing that he does not intend to present the case to the grand jury or that he has presented it to the grand jury but that the grand jury has declined to return an indictment. Should the court receive such a notice from the state attorney, or should the grand jury fail to act within the 14-day period, the court may proceed as otherwise required by law.
[2] The maximum penalty for a second degree felony is fifteen years in prison. § 775.082(3)(c), Fla. Stat. (1977).
[3] In some instances the legislature has abolished attempts by including the "attempt" or "endeavor" to commit the crime within the definition of the crime itself. E.g. § 812.014(1), Fla. Stat. (1977); § 918.14(1), Fla. Stat. (1977).