379 So.2d 704 (1980)
Linda Joan JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-82.
District Court of Appeal of Florida, Third District.
February 12, 1980.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PER CURIAM.
Appellant Linda Joan Johnson was a juvenile at the time she committed an alleged offense of murder in the first degree. The juvenile division of the circuit court relinquished jurisdiction upon a finding: "That there is probable cause to believe that Linda Johnson did commit the crime of displaying or attempting to use a weapon while attempting or committing a felony in violation of Florida Statute 790.07, and the crime of First Degree Murder in violation of Florida Statute 782.04." The appellant was tried in the criminal division of the circuit court on the charge of second degree murder. She was found guilty and sentenced to ten years in a state prison, with the provision that the final two years of the sentence should be served upon probation.
*705 On this appeal, the appellant presents two points. The first urges reversal upon the argument that the criminal division lacked jurisdiction to try her because jurisdiction was relinquished for a trial for the crime of first degree murder, and she was actually tried for a separate crime of murder in the second degree. The second point urges error because of the trial court's failure to sentence the appellant under the provisions of Section 39.111, Florida Statutes (Supp. 1978), where the sentencing took place after the effective date of that statutory section.
The following chronology will be helpful to the understanding of the law applied. In October of 1977, the appellant, a 17-year old female, was arrested, and admitted to the stabbing of a man causing his death after he had followed her home at night and had ignored her requests to leave her alone. The appellant was arrested on a charge of first degree murder pursuant to the filing of a petition for delinquency. The State also charged her with the use of a weapon during the commission of a felony, and requested that the juvenile division waive its jurisdiction over her. After a hearing held on December 14, 1977, the juvenile division granted the State's motion and transferred the cause to the criminal division of the circuit court. The State then determined that the charge of first degree murder was inappropriate and filed an information charging the appellant with murder in the second degree. The trial in the circuit court's criminal division commenced on September 27, 1978. No motion was made by the appellant to dismiss the information prior to trial, and the first mention of a possible defect in the order of transfer was pursuant to a motion to dismiss the information made just prior to the charge conference. The trial judge found the transfer of jurisdiction from the juvenile division sufficient. Thereafter, the same claimed defect was raised in a motion for arrest of judgment. This motion was also denied.
After the trial and before sentencing, the appellant requested that, in sentencing, the court apply the provisions of Section 39.111, Florida Statutes (Supp. 1978). The trial court determined that the statute was not applicable because it became effective on October 1, 1978, and the criminal transaction for which the appellant was found guilty occurred in October of 1977.
It was held in State ex rel. Lugo v. Sepe, 296 So.2d 640 (Fla. 3d DCA 1974), that when a juvenile is charged by grand jury indictment with a violation of law punishable by death or life imprisonment (which charge is dismissed) and thereafter is charged by information with murder in the second degree, the criminal division of the circuit court lacks jurisdiction to try the juvenile on the lesser offense. In so holding, this court said:
"By § 39.02(5)(c), Fla. Stat., F.S.A., a juvenile charged by a grand jury indictment with violation of a Florida law punishable by death or life imprisonment is to be handled as if he were an adult, and not in the juvenile court jurisdiction. Here, however, the indictment by which he was so charged was dismissed, and the juvenile was charged with a different offense (second degree murder) by an information. In that circumstance the law does not provide for the juvenile to be treated as an adult. .. ." [emphasis of the court]
In a similar case, E.H.N. v. Willis, 350 So.2d 829 (Fla. 1st DCA 1977), the Florida First District Court of Appeal held that a juvenile could not be tried by an adult court for alleged crimes committed while incarcerated for a prior violation of law for which jurisdiction had been transferred to the criminal division by the juvenile division because, with regard to the subsequent offenses, the juvenile division had not waived jurisdiction. The court explained its holding as follows:
"... a child cannot be tried as an adult on a criminal charge unless the juvenile division has first waived jurisdiction and certified the case for trial as though the child were an adult. This is necessary as to a new criminal charge although the juvenile division has previously waived jurisdiction as to an earlier *706 criminal charge and certified the case for trial as though the child were an adult."
It is the appellant's position that these cases are controlling in that it is the violation of law which is transferred and not the child. The language of the statute in effect at the time of the appellant's transfer was Section 39.02(5)(a), Florida Statutes (1977).[1] This section provides for the transfer of "... the case for trial." The "case" at the time of the appellant's transfer consisted of two violations of law: (1) murder in the first degree, and (2) the display of a weapon while committing a felony. Murder in the second degree is a lesser included offense of murder in the first degree. The case transferred, therefore, included murder in the first degree, as well as any lesser included offense on which a court might find the appellant guilty. See Brown v. State, 206 So.2d 377 (Fla. 1968).
We think this holding is not a departure from the law or the reasoning as set out in State ex rel. Lugo v. Sepe, supra, or E.H.N. v. Willis, supra. In each of these instances, the transferred case had been completed and the State attempted to initiate a new charge. In State ex rel. Lugo v. Sepe, the transfer was automatic because of the filing of a grand jury indictment, pursuant to Section 39.02(5)(c), Florida Statutes (1973). When the indictment was dismissed, that case was over. In E.H.N. v. Willis, the violations for which prosecution was attempted were new violations which had occurred after the transfer from the juvenile division. In neither instance could it be said that the "case" was transferred to the adult court.
We, therefore, affirm the first point because jurisdiction of the case tried was effectively transferred to the criminal division of the circuit court.
The appellant's second point argues that a statute changing the punishment prescribed should have been applied, and that because the statute became effective October 1, 1978, and the appellant was sentenced on January 3, 1979, the newly-enacted section was applicable. It has been decided that the prescribed punishment for a criminal offense is a matter of substantive law. The judgment must be affirmed on this point upon authority of Castle v. State, 330 So.2d 10 (Fla. 1976), which adopted the reasoning of the Florida Fourth District Court of Appeal in Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1974).
Affirmed.
NOTES
[1] "If the judge finds, after a waiver hearing as provided in s. 39.09, that any child who is 14 years of age or older and who, if an adult, would be charged with a violation of Florida law should be tried as an adult, the judge may enter an order waiving jurisdiction and certifying the case for trial as if the child were an adult, and thereafter the child shall be subject to the jurisdiction of the appropriate court as if the child were an adult."