383 So.2d 719 (1980)
Benjamin ROBIDOUX, Petitioner,
v.
Honorable Thomas M. COKER, As Judge of the Circuit Court of the 17TH Judicial Circuit in and for Broward County, Florida, Respondent.
No. 80-197.
District Court of Appeal of Florida, Fourth District.
May 7, 1980.
Rehearing Denied June 11, 1980.
*720 Alan H. Schreiber, Public Defender, and Howard Finklestein and Channing Brackey, Asst. Public Defenders, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for respondent.
ANSTEAD, Judge.
By petition for writ of prohibition the petitioner, Benjamin Robidoux, a juvenile, seeks to prohibit the adult criminal division of the circuit court from exercising jurisdiction with regard to two counts of an indictment which also charged petitioner with an offense punishable by death or life imprisonment in a separate count.
Section 39.02, Florida Statutes (1979) provides that upon indictment on a violation of Florida law punishable by death or life imprisonment, a child shall be tried as an adult. Petitioner was indicted, in three separate counts, for the offenses of armed robbery, attempted murder, and aggravated assault. Only the first count, armed robbery, is a crime punishable by life imprisonment or death. The assigned judge in the criminal division of the circuit court nevertheless denied petitioner's motion to dismiss the other two counts. Petitioner contends that the criminal division lacks jurisdiction over the two charges in question absent a waiver of jurisdiction by the juvenile division. The petitioner is not challenging the court's jurisdiction on the armed robbery charge.
Chapter 39 sets forth a comprehensive procedure for the treatment of offenders below the age of eighteen (18) years. Exclusive original jurisdiction of such offenders is vested in the juvenile division of the circuit court. However, four exceptions allowing for treatment of juveniles as adults are contained in Chapter 39. Under the first exception, a child 14 years of age or older may be certified for trial as an adult by a juvenile judge following a waiver hearing. Section 39.02(5)(a). Secondly, a child may, joined by his parent or guardian, demand to be tried as an adult. Section 39.02(5)(b). Thirdly, a child, if age 16 or 17 at the time of the alleged offense, may also be tried as an adult upon the filing of an information by the state attorney if the child has previously committed two delinquent acts, one a felony under Florida law. Section 39.04(2)(e)(4). Finally, as is the case here, a child of any age charged with a violation of Florida law punishable by death or life imprisonment shall be tried as an adult if an indictment on such charge is returned by the grand jury. Section 39.02(5)(a).
Under Section 39.02(5)(c) a child must be initially charged by a delinquency petition unless charged by indictment with a crime punishable by death or life imprisonment. See Collins v. State, 381 So.2d 328 (Fla. 5th DCA 1980); Johnson v. State, 379 So.2d 704 (Fla. 3d DCA 1980); Whidden v. State, 374 So.2d 543 (Fla. 2d DCA 1979); In Interest of S.E.B., 365 So.2d 451 (Fla. 1st DCA 1978); Ringel v. State, 352 So.2d 88 (Fla. 4th DCA 1977), aff'd. 366 So.2d 758 (Fla. 1978); E.H.N. v. Willis, 350 So.2d 829 (Fla. 1st DCA 1977); A.D.T. v. State, 318 So.2d 478 (Fla. 1st DCA 1975).
In E.H.N. v. Willis, supra, a minor was charged by a single information with two *721 felonies and thereafter charged by a single information with two more felonies.[1] At the time the four felonies were committed the minor was serving a sentence based upon a prior felony conviction in the adult division and the four felonies arose from or were closely connected with the incarceration arising out of the prior felony conviction. A motion to dismiss was denied. In holding that the adult division was without jurisdiction, the First District held that Section 39.02(5)(a), the waiver hearing statute, permits the child to be treated as an adult for the sole purpose of dealing with the alleged violation pending in the juvenile division and no other, and that a waiver hearing and certification is necessary for a new criminal charge even though the juvenile division had previously waived jurisdiction as to an earlier criminal charge.
A similar result was reached in A.D.T. v. State, supra. In that case, the juvenile defendant was charged by indictment with one count of disorderly intoxication and three counts of resisting arrest with violence. The First District held that the indictment could not substitute for a petition alleging delinquency. Noting that substitution was permitted only when the child is charged by grand jury indictment with a violation of Florida law punishable by death or life imprisonment, the First District reasoned that if the legislature had intended for an indictment to be used in the place of a delinquency petition in any other situations, it would have so provided. Similar conclusions have been reached in the Third and Fifth Districts. See State ex rel. Lugo v. Sepe, 296 So.2d 640 (Fla. 3d DCA 1974); Johnson v. State, supra; Collins v. State, supra. We believe these decisions are correct in strictly limiting adult treatment of juveniles to the four exceptions contained in Chapter 39.
While it might be more convenient to dispose of all three counts involved herein in one judicial proceeding in the adult division, we do not believe the fact that the attempted murder and aggravated assault charges arose out of the same incident as the life felony charge of armed robbery is sufficient to allow adult jurisdiction. E.H.N. v. Willis, supra. Nor are the two charges simply lesser included offenses of the life felony charge. Quite simply, as in A.D.T. v. State, supra, transfer of jurisdiction on these two charges cannot be accomplished by the simply including the charges in an indictment on the life felony charge. Only the offense punishable by death or life imprisonment is properly before the adult court. What could not have been done separately; i.e., by the filing of separate indictments for the three offenses, cannot be done by the simple expedient of a single indictment. The state is not precluded from seeking a waiver hearing on the attempted murder and aggravated assault charges under the other exceptions of Chapter 39, assuming the proper filing of a delinquency petition. However, the fact that such a course of action may, in practice, appear to be superfluous or inefficient, as perhaps was the case in E.H.N. v. Willis, supra, and A.D.T. v. State, supra, is a problem for the legislature to address. This court is not authorized to create a fifth exception.
For these reasons, we conclude that the petition should be granted; and, accordingly, the trial court is hereby directed to enter an order dismissing Counts II and III of the subject indictment in accordance with the terms of this opinion.
LETTS, C.J., and DOWNEY, J., concur.
NOTES
[1] This was before the enactment of Section 39.04(2)(e)(4).