ANSTEAD, Judge.
By petition for writ of habeas corpus the petitioner, F.S.N., a juvenile, is contesting the authority of the state to prosecute him as an adult.
On March 26, 1980, the state filed a petition in the juvenile division of the circuit court of Indian River County charging the petitioner, F.S.N., a seventeen year old, with petit theft. On April 1, the petitioner, joined by his mother, filed a motion seeking the transfer of his case to the county court for disposition as an adult pursuant to Section 39.02(5)(b), Florida Statutes (1979).[1] The following day an order was entered granting the motion and transferring the case to county court. On April 14, 1980, petitioner was adjudged guilty and placed on probation.
On April 22, 1980, petitioner was arrested on the unrelated charge of burglary of a dwelling. Bond was set in the amount of $10,000.00 and following a finding of indi-gency made by the committing magistrate at first appearance, the office of the public defender was appointed to represent the petitioner.
A motion was then filed by petitioner seeking his transfer to the custody of juvenile authorities. The trial court denied the motion based on the provisions of Section 39.02(5)(d), Florida Statutes (1979), and its finding that the petitioner, by voluntarily submitting himself to the adult division of the county court on the previous petit theft charge, had relinquished his right to be treated as a juvenile for further violations of Florida law.
Section 39.02(5)(d) provides:
*721 Once a child has been transferred for criminal prosecution pursuant to a waiver hearing, indictment, or information and has been found to have committed the offense for which he is transferred or a lesser-included offense, the child shall thereafter be handled in every respect as if he were an adult for any subsequent violation of Florida law.
While the petitioner’s previous adjudication for petit theft arose following his transfer from the juvenile division to the adult division of the county court, the transfer was not effectuated through the device of a waiver hearing pursuant to Section 39.02(5)(a), nor by the filing of an information under Section 39.04(2)(e), (4), nor by the return of an indictment under Section 39.02(5)(c). The respondent nevertheless contends that Section 39.02(5)(d) applies to all prior transfers.
This court recently had occasion to deal with similar arguments by the state in Robidoux v. Coker, 383 So.2d 719 (Fla. 4th DCA 1980). In that case we issued a writ prohibiting the adult division from exercising jurisdiction over a juvenile with regard to two counts of an indictment which, by a separate count, had also charged the juvenile with an offense punishable by death or life imprisonment. As to the latter offense the return of the indictment automatically subjected the juvenile to treatment as an adult. In Robidoux we noted that Chapter 39 vests exclusive original jurisdiction of juveniles in the juvenile division of the circuit court, and that adult treatment of juveniles is limited to the specific exceptions contained therein. We also held that we felt obligated, under the legislative scheme set out in Chapter 39, to strictly construe the exceptions set out therein. Such observations are equally applicable here.
Initially, we note that the legislature has not provided that any transfers would suffice to allow for the treatment of a juvenile as an adult in subsequent prosecutions. Rather, the legislature has specifically enumerated the methods of transfer that would authorize subsequent adult treatment.
More importantly, we believe it was the intent of the legislature to limit the treatment of children as adults for subsequent violations to those situations in which the prosecutor, the grand jury, or the court has made an independent determination that the child should be treated as an adult for purposes of criminal prosecution. The decision to transfer “pursuant to a waiver hearing, indictment, or information” is in essence a determination by the appropriate authority that society will best be served by treating the child as an adult. The legislature has then provided in Section 39.02(5)(d) that once such a determination is made, further violations by the child should also be prosecuted in the adult division.
On the other hand, a transfer obtained by the juvenile under Section 39.02(5)(b) does not involve a determination that it is in the best interests of society to treat the child as an adult. Under Section 39.02(5)(b) it is really the child and his parents that decide whether the child will be tried as a juvenile or an adult. For these reasons, we believe that the legislature intended that Section 39.02(5)(d) should apply only to cases where transfers had specifically been authorized by “waiver hearing, indictment, or information” and not to cases where transfers were voluntarily obtained by the juvenile.
Accordingly, the petition for writ of ha-beas corpus is hereby granted and petitioner is ordered discharged from the custody of the Sheriff of Indian River County, his custody to be transferred to the Department of Health and Rehabilitative Services.
BERANEK, J., concurs.
LETTS, C. J., concurring specially with opinion.

. Section 39.02(5)(b), Florida Statutes (1979) provides that “the court shall transfer and certify the case for trial as if the child were an adult if the child is alleged to have committed a violation of law, and prior to the commencement of an adjudicatory hearing, the child, joined by a parent or, in the absence of a parent, by his guardian or guardian ad litem, demands in writing to be tried as an adult.”