391 So.2d 338 (1980)
Terry K. ARTHUR, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1297.
District Court of Appeal of Florida, Fourth District.
December 17, 1980.
Richard L. Jorandby, Public Defender, Peter Birch, Legal Intern, and Cathleen Brady, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
The appellant, Terry K. Arthur, was charged by information and convicted of attempted robbery with a firearm "contrary to Florida Statute 812.13 and 777.04." Of the points raised on appeal, the only one we believe to have merit concerns the legality of the life sentence imposed.
Arthur contends that since he was convicted of attempted robbery with a firearm under the attempt statute, Section 777.04(4)(b), Florida Statutes (1977), he was guilty of only a second degree felony so that the court was precluded from imposing a life sentence.
The state maintains that the life sentence was proper under Section 812.13(2) and (3), Florida Statutes (1977). The robbery statute provides as follows:
812.13 Robbery-
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) An act shall be deemed "in the course of committing the robbery" if it occurs in an attempt to commit robbery or in flight after the attempt or commission.
*339 The state's contention was specifically considered and rejected in Whidden v. State, 374 So.2d 543 (Fla. 2d DCA 1979):
We believe that the equation of the phrase "in an attempt to commit robbery" with the phrase "in the course of committing the robbery" was meant only to extend the enhancement provisions of subsections (2)(a), (b) and (c) to attempted robbery as well as robbery so as to make attempted robbery with a deadly weapon a higher offense than attempted robbery with a weapon or attempted robbery without a weapon. See Vitko v. State, 363 So.2d 42, 43 n. 1 (Fla. 2d DCA 1978). This does not mean, however, that attempted robbery with a deadly weapon will be an offense equal to robbery with a deadly weapon. Rather, it will continue to be a lesser degree felony as Section 777.04 provides.
374 So.2d 543 at 545.
Also see Prunty v. State, 360 So.2d 147 (Fla. 1st DCA 1978).
As a general rule criminal statutes are to be strictly construed and where a statute is susceptible of differing constructions, the construction most favorable to the accused should be adopted. State ex rel. Washington v. Rivkind, 350 So.2d 575 (Fla. 3d DCA 1977).
The state argues that the legislature clearly intended that the punishment for attempted robbery with a firearm equal that for robbery with a firearm and, that, therefore, the rule of strict construction of criminal statutes in favor of the accused must be subordinated to the rule that the evident intention of lawmakers must be given effect regardless of whether such construction varies from the statute's literal meaning. State ex rel. Washington v. Rivkind, supra; State v. Nunez, 368 So.2d 422 (Fla. 3d DCA 1979).
Although it is arguable whether the legislature intended to include attempted robbery with a weapon within the purview of Section 812.13, we believe we are bound to construe any ambiguity in favor of the appellant. We also note that the state itself in the information alleged a violation of Section 777.04, the attempt statute, as opposed to relying solely on Section 812.13(2)(a) and (3). Under all of these circumstances we conclude that the appellant should have been sentenced in accordance with Section 777.04(4)(b). Whidden v. State, supra.
Accordingly, appellant's convictions are affirmed but the sentence for attempted robbery is vacated and this cause is remanded for resentencing. The appellant need not be present at such resentencing.
BERANEK, J., concurs.
RIVKIND, LEONARD, Associate Judge, dissents without opinion.