MOORE, Judge.
The appellant, Nathaniel King, was charged by indictment with the crimes of robbery, a second degree felony, and aggravated battery, also a second degree felony. At the time of the alleged offenses the appellant was seventeen years old. He appeals his convictions for robbery and simple battery, contending that he, as a juvenile, was improperly indicted. We agree with this contention and reverse.
Chapter 39, Florida Statutes (1979) vests exclusive jurisdiction of criminal offenders below the age of eighteen years in the juvenile division of the circuit court subject to four exceptions: (1) after a waiver hearing a juvenile judge may certify a child fourteen years of age or older for trial as an adult, Section 39.02(5)(a); (2) a child, joined by his parent or guardian, may demand to be tried as an adult, Section 39.-02(5)(b); (3) a child, if age sixteen or seventeen at the time of the alleged offense, may be tried as an adult upon the filing of an information by the state attorney if the state attorney, in his judgment and discretion, determines that the public interest requires imposition of adult sanctions, Section 39.04(2)(e)(4); (4) a child of any age charged with a violation of Florida law punishable by death or life imprisonment shall be tried as an adult if an indictment on such charge is returned by the grand jury, Section 39.02(5)(a). Under the third exception, upon motion of the child, the case will be transferred back to the juvenile division if it is shown by the child that he had not previously been found to have committed two delinquent acts, one of which involved an offense classified under Florida law as a felony.
*1380 Chapter 39 does not explicitly provide for indictment of a juvenile for a crime not punishable by death or life imprisonment. Furthermore, the Florida courts have strictly limited adult treatment of juveniles to the exceptions delineated above. Robidoux v. Coker, 388 So.2d 719 (Fla. 4th DCA 1980), Pet. for rev. den., 389 So.2d 1108 (Fla.1980); A. D. T. v. State, 318 So.2d 478 (Fla. 1st DCA 1975); State ex rel. Lugo v. Sepe, 296 So.2d 640 (Fla. 3d DCA 1974); Whidden v. State, 374 So.2d 543 (Fla. 2d DCA 1979). A juvenile, therefore, may not be indicted unless the crime charged is one punishable by death or life imprisonment. Otherwise, a state attorney could circumvent Chapter 39 by seeking an indictment for every alleged juvenile offender. In Ro-bidoux, supra, this court aligned itself with the other district courts of appeal and held that the adult criminal division of the circuit court lacked jurisdiction to try a juvenile on two counts of an indictment for crimes not punishable by death or life imprisonment even though the indictment also charged the juvenile with a third offense which was punishable by death or life imprisonment. Consequently, in the present case, the appellant should not have been indicted and tried as an adult, and the criminal division lacked jurisdiction to try him as an adult.
In reversing appellant’s convictions we direct the trial court to enter an order dismissing the indictment without prejudice for the state attorney to proceed pursuant to Chapter 39. In doing so we perceive no double jeopardy problems in a retrial after the filing of an appropriate accusatory pleading. See Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Grant v. State, 390 So.2d 341 (Fla.1980).
In view of our reversal of appellant’s convictions it is unnecessary to discuss the other points raised on appeal.
As we noted in Robidoux, supra, this problem is appropriate for the legislature to address. Nevertheless, we perceive a rather incongruous situation as a result of our decision, and therefore, we determine this matter to be one of great public importance. Since Section 39.04(2)(e)(4), Florida Statutes (1979) permits the direct filing of an information against a juvenile sixteen years of age or older under certain circumstances, it does not logically follow that the same juvenile should be denied the greater degree of protection an indictment provides by having probable cause established by a grand jury. We therefore certify the following question to the Supreme Court:
MAY A JUVENILE WHO IS SUBJECT TO THE DIRECT FILING OF AN INFORMATION AGAINST HIM FOR A CRIME NOT PUNISHABLE BY DEATH OR LIFE IMPRISONMENT ALSO BE SUBJECTED TO THE PRESENTMENT OF AN INDICTMENT AGAINST HIM FOR LIKE CRIMES?
REVERSED AND REMANDED.
LETTS, C. J., and BERANEK, J., concur.