PER CURIAM.
This is a companion case to King v. State, 425 So.2d 1379 (Fla. 4th DCA 1981).
Appellant, aged 15 at the time of the alleged crime, was indicted for unarmed robbery and aggravated assault and tried in adult court. Since the court lacked jurisdiction to try appellant the cause must be reversed. King v. State, supra. If we were to reach the merits reversal would be also required for failure to grant appellant’s request to instruct the jury on the maximum and minimum penalties for the offenses charged (Tascano v. State, 393 So.2d 540 (Fla.1981)); however, reversal would not be required for insufficiency of evidence.
Accordingly, the orders of delinquency and of commitment to the Department of Youth Services are reversed and the cause is remanded to trial court for further proceedings.
Since this court in King v. State certified to the Supreme Court a question of great public importance (and the Court has apparently accepted jurisdiction of the cause in its Case No. 60,857), we deem it appropriate to certify to the Court the following question of great public importance, which is related to the one posed in King:
DOES AN INDICTMENT FOR AN OFFENSE NOT PUNISHABLE BY DEATH OR LIFE IMPRISONMENT GIVE THE CIRCUIT COURT JURISDICTION TO TRY A MINOR WHO IS BELOW THE AGE OF 16 YEARS?
REVERSED AND REMANDED.
LETTS, C.J., and DOWNEY and BERA-NEK, JJ., concur.
Decision quashed, Fla., 430 So.2d 444.