617 So.2d 782 (1993)
Eric Jerome WESTBROOK, Appellant,
v.
State of Florida, Appellee.
No. 92-1004.
District Court of Appeal of Florida, Fourth District.
April 28, 1993.
Rehearing Denied June 2, 1993.
Richard L. Jorandby, Public Defender, and Paul D. Caruso, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Westbrook appeals his conviction and sentence for robbery. We affirm his conviction, but reverse and remand for resentencing.
The trial court erred in sentencing Westbrook as a habitual felony offender. Section 775.084(1)(a)1, Florida Statutes (1991), requires the trial court to find a defendant has been convicted of two or more felonies in order to be classified as a habitual felony offender. At bar, the state only admitted into evidence one prior felony. On remand, the trial court is instructed to hear additional evidence of prior felonies prior to classifying Westbrook as a habitual felony offender. King v. State, 580 So.2d 169 (Fla. 4th DCA 1991) (en banc).
In addition, the trial court's written sentence failed to conform to the sentence pronounced in open court. Upon remand, the trial court is instructed to impose sentence in accordance with its oral pronouncement. Sirmons v. State, 405 So.2d 310 (Fla. 4th DCA 1981); Sandstrom v. State, 390 So.2d 448 (Fla. 4th DCA 1980), rev. denied, 397 So.2d 779 (Fla. 1981). Moreover, Westbrook's judgment erroneously lists attempted robbery with a deadly weapon as a first degree felony, when the crime is a second degree felony. Sections 812.13(2)(b) and 777.04(4)(b), Fla. Stat. (1991). Upon remand, the trial court should also correct this error.
REVERSED AND REMANDED WITH INSTRUCTIONS.
GLICKSTEIN, C.J., GUNTHER, J., and WALDEN, JAMES H., Senior Judge, concur.