PER CURIAM.
Juan Antonio Suarez raises four issues on this appeal from his convictions and sentences for burglary with an assault and robbery.
We find no merit to Suarez’s first assertion that the pretrial identification procedure employed by the police was unduly suggestive. Indeed, even if it had been, on this record, we conclude that it would not have given rise to a substantial likelihood of irreparable mis-identification. See Grant v. State, 390 So.2d 341, 343 (Fla.1980), cert. denied, 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1981).
Next, we do not find that the trial court abused its discretion when it declined the jury’s request to have the victim’s testimony reread to them during their deliberations. See Fla. R.Crim. P. 3.410; Miller v. State, 605 So.2d 492, 494-95 (Fla. 3d DCA 1992), review denied, 613 So.2d 7 (Fla.1993).
As to his third issue on appeal, Suarez contends that he was denied a fair trial by certain improper remarks made by the prosecutor during closing arguments. We find, however, that this issue was not properly preserved for appellate review where no objection was lodged and we do not otherwise find such comments to rise to the level of fundamental error. See Ferguson v. State, 417 So.2d 639, 641 (Fla.1982); Jones v. State, 666 So.2d 995, 997 (Fla. 5th DCA 1996).
Finally, we agree with Suarez’s final point on appeal that the trial court erred in classifying his adjudication for robbery as a first degree felony where robbery is in fact a second degree felony. § 812.13(2)(c), Fla. Stat. (1995). Accordingly, we remand this cause for the trial court to correct its adjudication on this count. See Westbrook v. State, 617 So.2d 782 (Fla. 4th DCA 1993).
Affirmed in part and remanded in part with directions.