781 So.2d 473 (2001)
David LOPEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2379.
District Court of Appeal of Florida, Third District.
March 14, 2001.
*474 Bennett H. Brummer, Public Defender, and Clayton R. Kaeiser, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Regine Monestime, Assistant Attorney General, for appellee.
Before COPE and GERSTEN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
On July 29, 1998, a jury returned a verdict finding the defendant guilty of three counts of armed robbery with a deadly weapon, one count of attempted armed robbery with a deadly weapon, and two counts of misdemeanor battery. The trial court sentenced the defendant on October 8, 1998. The trial court found that the defendant qualified to be sentenced as a habitual violent felony offender and sentenced the defendant to concurrent life terms on each of the three armed robbery convictions; the trial court imposed a concurrent sentence of forty years in prison with a thirty year minimum mandatory on the attempted armed robbery conviction.
Defendant argues that it was error for the trial court to convict and sentence him for the crime of attempted robbery with a deadly weapon (count 4), as a habitual violent felony offender with a forty year prison sentence and a minimum of thirty years. After independently reviewing the record and considering the state's confession of error, we agree that defendant's sentence should be no more than thirty years with minimum mandatory of ten years. See §§§ 775.084(4)(b), 777.04(4)(c), 812.13(2)(b). We vacate the sentence at issue and remand for re-sentencing.
We find the remaining points raised to be without merit. The evidentiary decisions the defendant points to as erroneous were either within the court's discretion, cumulative of evidence already presented, or not properly preserved for our review. See Gulley v. Pierce, 625 So.2d 45 (Fla. 1st DCA 1993) (concluding decision of whether witness is qualified to testify as expert is factual determination falling within broad discretion of trial court, and trial judge's ruling in such regard will not be disturbed unless clear abuse of discretion is shown); Seaboard Air Line R. Co. v. Lake Region Packing Ass'n, 211 So.2d 25, 31 (Fla. 4th DCA 1968) (concluding that the determination of a witness' qualification to express an opinion, which would include an inquiry into and an evaluation of the basis of the witness' knowledge, is peculiarly a matter within the realm of the trial judge who should not be reversed in the absence of a clear showing of error); see also Ferguson v. State, 417 So.2d 639, 641 (Fla.1982) ("[E]ven if the comment is objectionable on some obvious ground, the proper procedure is to request an instruction from the court that the jury disregard the remarks.")
Accordingly, defendant's sentence on the attempted robbery conviction is vacated and the cause remanded for re-sentencing, the balance of the order under review is affirmed.