850 So.2d 656 (2003)
John T. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-5014.
District Court of Appeal of Florida, First District.
July 28, 2003.
*657 Appellant, pro se.
Charlie Crist, Attorney General, Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant's sentence appears to exceed the maximum term of imprisonment allowed by law, we reverse.
Following a jury verdict of guilty, the appellant was sentenced to a 30-year term of imprisonment for committing attempted armed robbery. The appellant argues that his sentence is illegal because the trial court unlawfully enhanced his conviction from a second-degree felony to a first-degree felony. The appellant further alleges that his conviction could not be enhanced pursuant to section 775.087, Florida Statutes (1977), because the use of a weapon is an essential element of attempted armed robbery.[1] The trial court, concluding that the appellant's sentence was proper under section 812.13, Florida Statutes (1977), denied the motion. In this respect, the trial court erred.
Section 812.13, Florida Statutes provides in pertinent part:
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
* * *
(3) An act shall be deemed "in the course of committing the robbery" if it occurs in an attempt to commit robbery or in flight after the attempt or commission.
The trial court relied on the language in subsection (3) to conclude that the appellant's conviction for attempted armed robbery was properly punished as a first-degree felony under subsection (2), notwithstanding section 777.04, Florida Statutes *658 (1977).[2] However, in Whidden v. State, 374 So.2d 543 (Fla. 2nd DCA 1979), the court explained that the phrase "in the course of committing the robbery" does not transform attempted robbery into the completed offense of robbery. The provision was meant only to extend the enhancement provisions of subsection (2) to attempted robbery so as to make attempted robbery with a weapon a higher degree offense than attempted robbery without a weapon. Whidden, 374 So.2d at 545. The offense of attempted armed robbery continues to be a lesser degree felony in accordance with section 777.04, Florida Statutes. Id. Indeed, this Court has specifically held that sections 812.13 and 777.04, Florida Statutes, operate together to classify attempted armed robbery as a second-degree felony. Pooley v. State, 403 So.2d 593, 594 (Fla. 1st DCA 1981).
Thus, while the appellant was properly subjected to the provisions of section 812.13(2)(a), Florida Statutes, by virtue of the jury's finding that he carried a firearm during the course of the attempted robbery, the crime should have been reclassified to a second-degree felony punishable by a term of imprisonment not exceeding 15 years under the attempt statute. See §§ 775.082 & 777.04, Fla. Stat. (1977).
Moreover, the offense of attempted armed robbery cannot be punished as a first-degree felony under section 775.087, Florida Statutes, because the use of a weapon is an essential element of the offense. See Tripp v. State, 610 So.2d 1311, 1312(Fla. 1st DCA 1992), aff'd, 642 So.2d 728 (Fla.1994); see also § 775.087(1), Fla. Stat. (1977). Although there are other statutory provisions that would authorize the enhancement of the appellant's sentence, the appellate record does not establish that his sentence was enhanced in accordance with another statutory provision. Accordingly, we reverse and remand to the trial court to either attach portions of the record establishing that the appellant's sentence was enhanced under another provision of law, or to resentence the appellant to a legal sentence for a second-degree felony.
REVERSED and REMANDED.
BOOTH, DAVIS and PADOVANO, JJ., CONCUR.
NOTES
[1] Section 775.087, Florida Statutes, provides that a felony offense may be reclassified to a higher degree if during the commission of the offense the defendant carries or uses a weapon or firearm, unless the use of a weapon or firearm is an essential element of the charged offense.
[2] Section 777.04, Florida Statutes, reclassifies a criminal offense to the next lower degree if the defendant attempts to commit the offense but for some reason fails in the execution of the offense.