IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAVON WHITE,

     Appellant,

 v.                                           Case No.  5D16-3562

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed March 17, 2017

3.800 Appeal from the Circuit Court
for Marion County,
Willard Pope, Judge.

Davon White, Graceville, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Samuel Perrone,
Assistant Attorney General, Daytona
Beach, for Appellee.

WALLIS, J.

     Davon White appeals the summary denial of his three-ground motion to correct

illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We address

only one of White's grounds for relief.[1] Finding that White's sentence for attempted armed

---

[1] We affirm the remaining grounds without further discussion.

robbery potentially exceeds the statutory maximum, we reverse and remand for further proceedings consistent with this opinion.

In 2007, White entered a negotiated plea to two counts for second-degree murder with a firearm and one count for attempted armed robbery. The trial court sentenced White to forty years' incarceration on each count, with twenty-five years mandatory-minimum for discharging a firearm and causing death or great bodily harm during the commission of his offenses. See § 775.087(2)(a)3., Fla. Stat. (2005).

The record reflects that the trial court misclassified White's conviction for attempted armed robbery as a first-degree felony. We note that attempted robbery with a firearm is a "second degree felony for which the maximum punishment is fifteen years in prison." Pooley v. State, 403 So. 2d 593, 594 (Fla. 1st DCA 1981); see also §§ 775.082(3)(d), 777.04(4)(c), 812.13(2)(a), Fla. Stat. (2005). The trial court could not have reclassified the offense to a first-degree felony "because attempted armed robbery is a felony in which the use of a weapon is an essential element." See State v. Tripp, 642 So. 2d 728, 730 n.2 (Fla. 1994). However, the trial court properly imposed the twenty-five year mandatory-minimum sentence under section 775.087(2)(a)3., the 10-20-Life Statute, because that provision controls over the fifteen-year maximum outlined in section 775.082(3)(d). See Mendenhall v. State, 48 So. 3d 740, 742 (Fla. 2010).

While there may exist other statutory grounds for enhancing White's sentence for attempted armed robbery, the limited record before us is devoid of any evidence establishing a proper basis for enhancement. Therefore, we reverse and remand this case to the trial court either to attach portions of the record establishing a proper basis for enhancing White's sentence or to resentence him to a legal sentence for a second-

degree felony. See Williams v. State, 850 So. 2d 656, 658 (Fla. 1st DCA 2003) (reversing reclassification of attempted armed robbery to first-degree felony where record reflected no basis for reclassification or enhanced sentence).

AFFIRMED in part; REVERSED in part; and REMANDED with Instructions.

ORFINGER and EDWARDS, JJ., concur.